BLACK, Judge.
Sarkis Konsulian appeals the trial court’s order granting summary judgment in favor of Busey Bank (“Busey”). On appeal, Konsulian argues that Busey failed to meet a condition precedent to the filing of the complaint. Specifically, Konsulian asserts that Busey filed suit prematurely, giving Konsulian incomplete and inadequate notice and opportunity to cure. In addition to being prematurely filed, Konsu-lian claims that the acceleration letter failed to state the default as required by the mortgage terms. We agree and reverse. Because our ruling is based on the conditions precedent issue, we do not reach the issue of the accuracy of the damages calculation as challenged in Kon-sulian’s affidavit.
On October 6, 2008, Busey sent a preac-celeration letter to Konsulian. On October 9, 2008, only three days later, the bank filed a mortgage foreclosure action against Konsulian. However, pursuant to paragraph twenty-two of the mortgage, Busey was required to give Konsulian thirty days notice prior to filing suit. Paragraph twenty-two of Konsulian’s mortgage provides as follows:
22. Acceleration; Remedies. Lenders shall give notice to the Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than thirty (30) days from the date the notice is given to Borrower, by which the default must be cured; and, (d) that the failure to cure the default on or before the date specified in the notice may result in an acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceedings the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, a Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to all attorneys’ fees and costs of title evidence.
Konsulian appropriately raised both the timeliness argument and the sufficiency of the acceleration letter argument in his affirmative defenses. In addition, Konsulian filed an affidavit in opposition to the summary judgment motion contesting the amounts claimed by Busey. Konsulian challenged the interest and late fee calculation, as well as whether all payments were credited. At the time of the sum *1285 mary judgment hearing, the affirmative defenses were still viable.
On April 19, 2010, the trial court entered final judgment of foreclosure, which resulted in the sale of the property to Busey. The final judgment does not address the merits or disposition of Konsuliaris defenses.
Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The standard of review for an order granting summary judgment is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the nonmoving party. See Suarez v. City of Tampa, 987 So.2d 681, 682-83 (Fla. 2d DCA 2008) (citing Garden St. Iron & Metal, Inc. v. Tanner, 789 So.2d 1148, 1149 (Fla. 2d DCA 2001)). “The party moving for summary judgment has the burden of showing the nonexistence of [a] genuine issue of material fact.” Richardson v. Wal-Mark Contracting Group, LLC, 814 So.2d 534, 535 (Fla. 2d DCA 2002) (citing Holl v. Talcott, 191 So.2d 40, 43-44 (Fla.1966)). A summary judgment must not only establish that no genuine issues of material fact exist as to the parties’ claims, but it also must either factually refute the affirmative defenses or establish that they are legally insufficient. Moroni v. Household Fin. Corp. III, 903 So.2d 311, 312 (Fla. 2d DCA 2005).
Here, nothing in Busey’s complaint, motion for summary judgment, or affidavits indicates that Busey gave Konsu-lian the notice which the mortgage required. The language in the mortgage is clear and unambiguous. The word “shall” in the mortgage created conditions precedent to foreclosure, which were not satisfied. See Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009). Under Florida law, contracts are construed in accordance with their plain language, as bargained for by the parties. Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000). Further, Busey did not refute Konsulian’s defenses nor did it establish that Konsulian’s defenses were legally insufficient. Because Busey did not prove that it met the conditions precedent to filing for foreclosure, it failed to meet its burden, and it is not entitled to judgment as a matter of law.
Reversed and remanded.
CASANUEVA, C.J., and WHATLEY, J., Concur.