CRENSHAW, Judge.
Thomas Judy, Jill Densmore Judy, and State Trustee Services, LLC, (collectively referred to as the Judys) appeal a final judgment of mortgage foreclosure entered against them in favor of MSMC Venture, LLC. Because MSMC failed to conclusively refute the Judys’ affirmative defense that they were not given proper notice of default as required by the mortgages at issue, we conclude that the trial court erred by entering summary judgment in favor of MSMC. Accordingly, we reverse and remand for further proceedings.
In May 2006, the Judys executed and delivered two promissory notes and mortgages for $227,500 and $84,000 to Market Street Mortgage Corp., MSMC’s predecessor-in-interest. In August 2007, MSMC sent notice of default and breach to the Judys for each of the loans. Thereafter, MSMC filed its mortgage foreclosure action against the Judys. The Judys’ answer asserted as an affirmative defense that MSMC had not provided proper notice of default as required by the mortgage terms. MSMC denied all affirmative defenses and subsequently filed a motion for final summary judgment. The trial court granted summary judgment and entered a final judgment of mortgage foreclosure against the Judys. In doing so, we conclude the trial court erred because MSMC failed to conclusively refute the Judys’ affirmative defense regarding sufficiency of notice.
We review de novo a trial court’s ruling on a motion for summary judgment. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Konsulian v. Busey Bank, N.A., 61 So.3d 1283, 1285 (Fla. 2d DCA 2011) (citing Fla. R. Civ. P. 1.510(c)). The movant “must not only establish that no genuine issues of material fact exist as to the parties’ claims, but it also must either factually refute the affirmative defenses or establish that they are legally insufficient.” Id. (citing Morroni v. Household Fin. Corp. III, 903 So.2d 311, 312 (Fla. 2d DCA 2005)). “ ‘The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof.’” Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So.3d 251, 253 (Fla. 2d DCA 2011) (quoting Deutsch v. Global Fin. Servs., LLC, 976 So.2d 680, 682 (Fla. 2d DCA 2008)).
Here, the terms of the two mortgages at issue required MSMC to specify the default. Paragraph twenty-two of the first mortgage provides, in pertinent part, the following:
Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding^] and sale of the Property.
*1289 Likewise, paragraph seventeen of the second mortgage provides the following:
Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (8) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property.
Although MSMC argues that it provided the Judys with proper notice of default, the notices failed to specify the breach. Instead, the notices generally alleged that the Judys committed a breach. And failure to specify the default as required by the mortgage terms requires reversal because MSMC did not meet its burden in refuting the Judys’ affirmative defense of insufficient notice of default. See generally Konsulian, 61 So.3d at 1285 (reversing final summary judgment where the bank “did not refute Konsulian’s defenses nor did it establish that Konsulian’s defenses were legally insufficient”). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., and WALLACE, J., Concur.