NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHARLES K. AMSTONE A/K/A )
CHARLES KENT AMSTONE and )
CAROLYN B. AMSTONE, )
          )
         Appellants, )
          )
v. )      Case No. 2D14-5480
          )
THE BANK OF NEW YORK MELLON )
F/K/A THE BANK OF NEW YORK, AS )
TRUSTEE FOR THE HOLDERS OF THE )
CERTIFICATES, FIRST HORIZON )
MORTGAGE PASS-THROUGH )
CERTIFICATES SERIES (FHAMS )
2006-FA8); BY FIRST HORIZON HOME )
LOANS, A DIVISION OF FIRST )
TENNESSEE BANK NATIONAL )
ASSOCIATION, MASTER SERVICER, IN )
ITS CAPACITY AS AGENT FOR THE )
TRUSTEE UNDER THE POOLING AND )
SERVICING AGREEMENT, )
          )
         Appellee. )
_____ )

Opinion filed January 6, 2016.

Appeal from the Circuit Court for Pasco
County; Wayne L. Cobb, Senior Judge.

Dineen Pashoukos Wasylik of DPW Legal,
Tampa, for Appellants.

Nicholas R. Cavallaro of Gilbert Garcia
Group, P.A., Tampa, for Appellee.

KHOUZAM, Judge.

Charles and Carolyn Amstone appeal the final summary judgment of foreclosure entered against them and in favor of The Bank of New York Mellon. The Amstones argue that the Bank failed to show that it had standing to foreclose and failed to refute their affirmative defenses. They claim that summary judgment should have been granted in their favor. We conclude that the Bank did prove standing but failed to refute the Amstones' affirmative defenses. Therefore, genuine issues of material fact remained, summary judgment should not have been entered, and we must reverse for further proceedings.

On November 6, 2008, First Horizon Home Loans, a division of First Tennessee Bank National Association, filed suit against the Amstones seeking foreclosure of mortgage and reestablishment of lost instruments. Copies of the December 5, 2006, note and mortgage executed by the Amstones[1] were attached to the complaint. They showed that First Horizon Home Loan Corporation was the original lender. The original note and mortgage were filed, and the lost instruments count was voluntarily dismissed in 2009.

In their amended answer, the Amstones denied that First Horizon Home Loans, a division of First Tennessee Bank National Association, was the owner or holder of the note and mortgage. They also raised as an affirmative defense that the "Plaintiff did not own and hold the note prior to filing suit and did not have standing to file suit when it filed its action." But in a sworn response to the Amstone's interrogatories, it

_____

[1]The mortgage was executed by both Carolyn and Charles Amstone; the note was executed by Carolyn Amstone.

was established that "First Horizon Home Loan Corporation merged with First Tennessee Bank National Association on or about February 8, 2007[,] becoming First Horizon Home Loans, a Division of First Tennessee Bank, National Association."  And in response to their second request for production, the Amstones were provided with a disc containing "a copy of the merger documents evidencing the merger between First Horizon Home [L]oans Corporation and Tennessee National Association."  The Amstones did not dispute the fact of the merger and did not file a motion to compel the merger documents.

The Amstones raised numerous affirmative defenses in addition to challenging standing.  For example, the Amstones argued failure to comply with section 559.715, Florida Statutes (2008); failure to post a cost bond pursuant to section 57.011, Florida Statutes (2008); failure to provide notice of breach and acceleration pursuant to Paragraph 22 of the mortgage; and a violation of the Federal Truth in Lending Act, 15 U.S.C. § 1641 (2008).  A response was filed addressing each of the affirmative defenses and arguing that they should be stricken as facially insufficient.

At the beginning of 2012, First Horizon Home Loans, a division of First Tennessee Bank National Association, moved to substitute party plaintiff and amend case style, stating that the mortgage had been assigned to The Bank of New York Mellon and attaching an assignment.  The assignment showed that "Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for First Horizon Home Loan Corporation," had assigned the mortgage to "The Bank of New York Mellon F/K/A The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series (FHAMS 2006-FA8), by First Horizon Home

Loans, a Division of First Tennessee Bank National Association, Master Servicer, in its Capacity as Agent for the Trustee under the Pooling and Servicing Agreement" on December 5, 2011. The court granted the motion, substituting The Bank of New York Mellon as plaintiff.

Both parties moved for summary judgment. The Bank's motion did not address the Amstones' affirmative defenses. In support of its motion, the Bank filed an affidavit establishing that Nationstar Mortgage, LLC, as attorney in fact for The Bank of New York Mellon, held the note and maintained the records for the subject loan. The affidavit delineated the amount due and owing on the note and mortgage. The Bank had also previously filed the affidavit of an assistant secretary at Nationstar, LLC, as attorney in fact for First Horizon Home Loans, a division of Tennessee Bank National Association, stating that "on or about April 1, 2008, servicer for the Plaintiff, First Horizon did serve a Notice of Default and Acceleration letter upon Defendant, Carolyn B. Amstone, pursuant to Paragraph 22 . . . of the subject mortgage." A copy of the letter was attached to the affidavit. In support of the Amstones' motion for summary judgment, Carolyn Amstone filed an affidavit stating that she did not receive a notice of assignment and that the default letter had "numerous defects." Charles Amstone had also previously filed an affidavit stating that he never received notice of the assignment or default.

An eleven-minute hearing was held on September 30, 2014. The parties presented argument on the issue of standing but did not address the remaining affirmative defenses in any detail. The court determined that standing had been

established and granted the Bank's motion for summary judgment. Final judgment of foreclosure was entered on October 22, 2014.

"Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011) (citing Fla. R. Civ. P. 1.510(c)). Further, "[a] summary judgment must not only establish that no genuine issues of material fact exist as to the parties' claims, but it also must either factually refute the affirmative defenses or establish that they are legally insufficient." Id. The moving party has the burden to show the complete absence of any genuine issue of material fact, and the court must draw every possible inference in the non-moving party's favor. Servedio v. U.S. Bank Nat'l Ass'n, 46 So. 3d 1105, 1106-07 (Fla. 4th DCA 2010). This court reviews de novo an order granting summary judgment. Id. at 1107.

The Amstones argue that The Bank of New York Mellon failed to show that it had standing to foreclose. Specifically, they point out that the complaint was filed by First Horizon Home Loans, a division of First Tennessee Bank National Association, but the attached copies of the note and mortgage showed that a different entity—First Horizon Home Loan Corporation—was the original lender. The Amstones also note that in finding that "standing [was] clearly established," the circuit court stated that the Bank could "allege [standing] and establish it at any time." We agree that the court misstated the law; it is axiomatic that "standing must be established as of the time of filing the foreclosure complaint." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d

- 5 -

DCA 2013). But standing at the inception of the suit was proven in this case. The record shows that First Horizon Home Loan Corporation merged with First Tennessee Bank National Association, becoming First Horizon Home Loans, a division of First Tennessee Bank National Association. "[I]n a merger, the two corporations in essence unite into a single corporate existence." Corp. Express Office Prods., Inc. v. Phillips, 847 So. 2d 406, 414 (Fla. 2003). The merger occurred on or about February 8, 2007—before the complaint was filed on November 6, 2008. The original note and mortgage were filed with the court. The mortgage was later assigned to the Bank, as evidenced by the assignment that the Bank filed with the court. And though the Amstones suggest that the affidavits that the Bank submitted established that Nationstar Mortgage, LLC, held the note and maintained the records for the subject loan instead of the Bank, the affidavits clearly state that Nationstar Mortgage, LLC, was acting as attorney in fact for The Bank of New York Mellon. Based on this evidence, the circuit court properly concluded that standing had been established.

However, the Amstones' remaining affirmative defenses were never sufficiently refuted by the Bank. It is true that the Bank did submit a response to the affirmative defenses, arguing that they were legally insufficient, as well as an affidavit regarding the Paragraph 22 notice, disputing the Amstones' affidavits that the notice had not been received or was deficient. But the Bank did not address the affirmative defenses in its motion for summary judgment. And at the hearing, the Bank's counsel simply asserted that "the Affirmative Defenses were dealt with." The Amstones' counsel responded that the Bank had failed to refute all of the affirmative defenses:

> Judge, in a Summary Judgment as you are well aware, the
> Plaintiff is required to refute and deal with all of the

- 6 -

> Affirmative Defenses. There are numerous Affirmative
> Defenses which the Affidavits filed by the Plaintiff do not
> touch on, including a failure to provide Notice of Assignment
> under Florida Statute 559.715, a failure to post bond under
> Chapter 57 . . . .

The Amstones' counsel also emphasized that the affidavits regarding the Paragraph 22 notice created a factual dispute that needed to be resolved. The court made no findings regarding any of these defenses. Accordingly, genuine issues of material fact remained, and summary judgment should not have been granted. See Alejandre v. Deutsche Bank Trust Co. Ams., 44 So. 3d 1288, 1290 (Fla. 4th DCA 2010) ("Deutsche moved for summary judgment, but in that motion, it failed to address affirmative defenses raised by the mortgagor, Alejandre. Because Deutsche failed to address Alejandre's affirmative defenses, it did not carry its burden on summary judgment."). We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

NORTHCUTT and SALARIO, JJ., Concur.