NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, as Trustee for Morgan Stanley )
Home Equity Loan Trust 2007-1, )
　 )
　　　　Appellant, )
　 )
v. ) Case No. 2D14-5254
　 )
MELISSA L. HAGSTROM and JEFFREY R.)
HAGSTROM, )
　 )
　　　　Appellees. )
_____ )

Opinion filed July 20, 2016.

Appeal from the Circuit Court for
Hillsborough County; Donald C. Evans,
Senior Judge.

Nicole R. Ramirez of Douglas C. Zahm,
P.A., St. Petersburg, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellees.


BLACK, Judge.

　　　　Deutsche Bank National Trust Company, as Trustee for Morgan Stanley

Home Equity Loan Trust 2007-1, appeals the final summary judgment entered in favor

of Jeffrey and Melissa Hagstrom based on the trial court's application of section

559.715, Florida Statutes (2011). We reverse the final summary judgment and remand for further proceedings because section 559.715, by its clear language, is not applicable to Deutsche Bank, the holder of the note in this case.

I.      Background

In October 2011 Deutsche Bank filed the underlying action seeking to foreclose the Hagstroms' mortgage and enforce the terms of the note. The note attached to the complaint provides that the original lender was Wilmington Finance, Inc. Also attached to the complaint was an allonge with indorsement in blank from Wilmington Finance dated September 26, 2006, the same day the note and mortgage were executed. The mortgage named Mortgage Electronic Registration Systems, Inc. (MERS), as the mortgagee acting as nominee for Wilmington Finance. The Hagstroms filed a pro se answer raising no affirmative defenses. They subsequently retained counsel and filed a motion for leave to file an amended answer and affirmative defenses, attaching the amended pleadings. The motion was never ruled upon. Deutsche Bank filed a motion for summary judgment, arguing that only matters of law were at issue. In connection with its motion, Deutsche Bank filed the original note and the allonge with indorsement in blank with the court. It also filed a corporate assignment of mortgage from MERS to Deutsche Bank dated July 26, 2011.

More than a year later, and after a notice of lack of prosecution had been issued, activity in the case resumed. Thereafter, the Hagstroms filed a motion for summary judgment and supporting affidavit. The Hagstroms' motion alleged that Deutsche Bank is "not the original creditor yet failed to give [the Hagstroms] written notice of the assignment of the debt, as required by" section 559.715 and that "[a]s a

- 2 -

result of [Deutsche Bank's] failure to comply with this condition precedent" summary judgment in the Hagstroms' favor was appropriate. The affidavit filed by Melissa Hagstrom averred that Deutsche Bank was not the original lender or mortgagee and that Deutsche Bank did not give her a notice of assignment thirty days prior to filing the lawsuit. Deutsche Bank filed a memorandum in opposition along with an affidavit which attached a November 2006 letter from the mortgage servicer informing the Hagstroms of the transfer and assignment of servicing.

At the hearing on the motions for summary judgment, the Hagstroms argued that Deutsche Bank's affidavit in opposition to their motion for summary judgment was legally insufficient because it was based on "information and belief" and that, as a result, there was no issue of material fact in dispute. They further argued that the letter attached and referred to in the affidavit failed to establish that "the debt was assigned to Deutsche Bank." Deutsche Bank gave a brief response before the court granted summary judgment for failure to comply with section 559.715.

II.    The appeal

Deutsche Bank contends that the trial court erred in concluding that the alleged failure to comply with section 559.715 is a legally sufficient affirmative defense to the filing of its foreclosure action. See Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So. 2d 730, 733 (Fla. 1991) ("[A]n affirmative defense defeats the plaintiff's cause of action by a denial or confession and avoidance."). It argues that section 559.715 is inapplicable to its foreclosure action because Deutsche Bank is not a debt collector for purposes of the Florida Consumer Collections Practices Act (FCCPA), §§ 559.55-.785, Fla. Stat. (2011), of which section 559.715 is a part, and because the act of filing a

- 3 -

foreclosure lawsuit is not debt collection activity for purposes of the FCCPA. Alternatively, Deutsche Bank contends that if section 559.715 is applicable, it presented evidence of a disputed material fact via the affidavit with attached servicer letter and via the recordation of the assignment of mortgage in the public records in 2011.

Our review of an order granting summary judgment is de novo. Amstone v. Bank of N.Y. Mellon, 182 So. 3d 804, 806 (Fla. 2d DCA 2016). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1116-17 (Fla. 2d DCA 2011) (emphasis added) (quoting Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006)). The party moving for summary judgment has the burden of showing "the complete absence of any genuine issue of material fact." Amstone, 182 So. 3d at 806.

III.    Discussion

Deutsche Bank's first issue on appeal presents a multifaceted question. Because Deutsche Bank's foreclosure lawsuit is both an action to enforce the promissory note secured by the mortgage and an action to foreclose the mortgage, we must consider the express language of the FCCPA and the applicable sections of Florida's Uniform Commercial Code and Title XL of the Florida Statutes.

"[T]he plain and definite language of the statute controls our task of statutory interpretation." Gabriele v. Sch. Bd. of Manatee Cty., 114 So. 3d 477, 482

- 4 -

(Fla. 2d DCA 2013). The "elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage" is applicable. Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 948 So. 2d 599, 606 (Fla. 2006) (quoting Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003)); see also Scherer v. Volusia Cty. Dep't of Corr., 171 So. 3d 135, 139 (Fla. 1st DCA 2015) ("No part of a statute, not even a single word, should be ignored, read out of the text, or rendered meaningless, in construing the provision.").

Section 559.715 provides:

> [The FCCPA] does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

(Emphasis added.)

Although in a procedurally different context, this court has implicitly determined that a promissory note secured by a mortgage is a consumer debt for purposes of the FCCPA. See Gann v. BAC Home Loans Servicing, LP, 145 So. 3d 906, 909-10 (Fla. 2d DCA 2014). But see Bryan v. Clayton, 698 So. 2d 1236, 1237-38 (Fla. 5th DCA 1997) (denying motion to stay or recall mandate and concluding "that the purchase of a condominium unit is not a 'consumer' 'transaction' [under the federal and state fair debt collection practices acts]"). Therefore, we consider the applicability of section 559.715 to Deutsche Bank based on Deutsche Bank's relationship to the debt, i.e., the note.

The note at issue here is a negotiable instrument governed by chapter 673, Florida's Uniform Commercial Code (UCC). §§ 673.1011, .1021, .1041, Fla. Stat. (2011). And Deutsche Bank is entitled to enforce the note not because it is an assignee of the right to bill and collect but because it meets the statutory definition of the holder of the note. Section 671.201, Florida Statutes (2011), defines "holder" as "[t]he person in possession of a [note] that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a). Thus, Deutsche Bank's possession of the note indorsed in blank is critical to its status as a holder.[1] See Rodriguez v. Wells Fargo Bank, N.A., 178 So. 3d 62, 66-67 (Fla. 4th DCA 2015) (Conner, J., concurring) (stating that possession is a "core element" and "critical" for standing to enforce the note and discussing the concepts of "negotiation" and "transfer" of a note as having "significant importance for an analysis of standing").

However, section 559.715 applies only to assignees of the right to bill and collect a consumer debt not to assignees of the debt itself. By its express terms, section 559.715 permits "assignment, by a creditor, of the right to bill and collect a consumer debt" and establishes that the assignee of the right to bill and collect the debt has standing to bring an action to collect the debt. Section 559.715 requires no action by the creditor or the note holder.[2] It in no way impacts or limits the right of the note

---

[1]"Possession is an important element because it prevents two or more persons or entities from claiming status as a holder whereby each would be able to take free of the other's ownership interest." 1 James J. White, Robert S. Summers & Robert A. Hillman, Uniform Commercial Code § 1:13 (6th ed. 2015).

[2]Enforcement rights are independent of ownership of the note. See Report of the Permanent Editorial Board of the Uniform Commercial Code, Application of the Uniform Commercial Code to Selected Issues Relating to Mortgage Notes, 8 (Nov. 14, 2011),

holder to file a foreclosure lawsuit.[3]  The right of the note holder to enforce the note

exists regardless of an assignment to bill and collect the debt.  See § 673.3011(1);

Brindise v. U.S. Bank Nat'l Ass'n, 183 So. 3d 1215, 1219 (Fla. 2d DCA), review denied,

No. SC16-300, 2016 WL 1122325 (Fla. Mar. 22, 2016).[4]  That is, the right to file "an

action to collect the debt" does not rest solely with the assignee of the right to bill and

collect.  Cf. § 673.3011 (identifying the three categories of persons entitled to enforce a

note); Rodriguez, 178 So. 3d at 64 (concluding that the plaintiff failed to establish

standing where it failed to introduce a power of attorney, pooling and servicing

agreement, or other evidence establishing that the holder of the note authorized the

---

http://www.uniformlaws.org/Shared/Committees_Materials/PEBUCC/PEB_Report_1114
11.pdf ("[T]he rules that determine who is entitled to enforce a note and the rules that
determine whether the note, or an interest in it, have been effectively transferred serve
different functions.").  That is, the holder may not be the owner of the note.  And
Florida's UCC specifically provides that enforcement of a note is not dependent on
ownership.  Rodriguez, 178 So. 3d at 66 (Conner, J., concurring); see § 673.3011;
Snyder v. JP Morgan Chase Bank, N.A., 169 So. 3d 1270, 1273 (Fla. 4th DCA 2015).
This distinction is important in cases such as this one, where the entity seeking to
enforce the note is a trustee.

[3]While this court in Brindise v. U.S. Bank National Ass'n, 183 So. 3d 1215,
1219 (Fla. 2d DCA), review denied, No. SC16-300, 2016 WL 1122325 (Fla. Mar. 22,
2016), recognized that U.S. Bank was the holder of the note and that by assignment of
the note and mortgage it received "the full bundle of rights associated" with the note and
mortgage, the opinion does not expressly assert that section 559.715 applies only to an
assignee of the right to bill and collect.  There is a critical distinction between an
assignment of the right to bill and collect and an assignment of the debt, the latter of
which is, by its express terms, a more encompassing act and one about which section
559.715 is completely silent.  Section 559.715 simply does not address assignment of
the debt.  And where, as in Brindise and here, the holder is enforcing the note, the
assignment of the right to bill and collect is not at issue.

[4]As in Brindise, paragraph 20 of the Hagstroms' mortgage states that the
note may be sold without prior notice.  This further substantiates that Deutsche Bank
could bring the foreclosure lawsuit as note holder regardless of the clear language of
section 559.715 requiring notice of assignment of only "the right to bill and collect."

plaintiff to bring the action). To say otherwise would rest the note holder's ability to enforce the note—in cases where there is an assignment of the right to bill and collect the debt—on the action or inaction of the assignee.

The use of the indefinite article "a" rather than a definite article like "the" to define the assignee's interest in section 559.715 further supports the conclusion that there are real parties in interest other than the assignee of the right to bill and collect the debt—namely, the note holder. See Brindise, 183 So. 3d at 1219. Concluding that the assignee of the right to bill and collect the debt is the only real party in interest would run afoul of Florida law that the note holder has standing to enforce the note. See § 673.3011(1); Brindise, 183 So. 3d at 1219. While section 559.715 establishes that the assignee of the right to bill and collect a consumer debt is "a" real party in interest, there can be no question that the holder of a note is also a real party in interest entitled to enforce the note. And since 1967 when circuit courts were given jurisdiction to hear cases with counts at law and counts in equity as alternative grounds for relief, In re Fla. Rules of Civil Procedure 1967 Revision, 187 So. 2d 598, 600 (Fla. 1966), the entity entitled to enforce the note has generally brought both an action to foreclose the mortgage and an action on the note, as the mortgage follows the note. Assignment of the right to bill and collect the debt and notice thereof is irrelevant to whether a note holder can enforce the note.

Additional support for this conclusion is found in chapters 689-724, Title XL, Florida Statutes, which govern mortgages and mortgage foreclosures specifically. Section 702.09, Florida Statutes (2011), defines a "mortgage" as "any written instrument securing the payment of money" and not as a "debt." See Johns v. Gillian, 184 So. 140,

- 8 -

143 (Fla. 1938) ("[A] [m]ortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt."); <u>Deutsche Bank Nat'l Trust Co. v. Clarke</u>, 87 So. 3d 58, 61 (Fla. 4th DCA 2012) ("A mortgage is not a 'negotiable instrument,' a 'security,' 'or any other writing that evidences a right to the payment of money.' " (quoting § 90.953(1), Fla. Stat. (2010))); <u>see also</u> § 697.02, Fla. Stat. (2011) ("A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession."). And section 702.01 provides that "[a]ll mortgages shall be foreclosed in equity."

Originally enacted in 1834, section 701.01, Florida Statutes (2011), provides that "[a]ny mortgagee may assign and transfer any mortgage made to her or him" and that the assignee or transferee "may lawfully have, take and pursue the same means and remedies which the mortgagee may lawfully have, take or pursue for the foreclosure of a mortgage and for the recovery of the money secured thereby." Title XL of the Florida Statutes has no notice requirement with regard to assignments of mortgages. Moreover, section 701.02(4) specifically states that chapters 670-680 of the UCC "govern the attachment and perfection of a security interest in a mortgage upon real property and in a promissory note or other right to payment or performance secured by that mortgage." Thus, not only is there a specific provision in the mortgage statutes governing assignments, but the legislature expressly connected chapters 670-680 of Florida's UCC to these assignments. Conversely, the FCCPA contains no reference to notes, mortgages, or foreclosure, and there is no express connection between the FCCPA and foreclosure or Title XL.

- 9 -

Moreover, as this court has recently held, section 559.715 does not create a condition precedent to the filing of a foreclosure lawsuit, even where enforcement of the note is sought.[5] Brindise, 183 So. 3d at 1221. Concluding otherwise would extend the language of the statute, and "courts are not to 'add, subtract, [or] distort the words' the [l]egislature has written." Anderson Columbia v. Brewer, 994 So. 2d 419, 421 (Fla. 1st DCA 2008) (first alteration in original) (quoting State v. Byars, 804 So. 2d 336, 338 (Fla. 4th DCA 2001)). The legislature can easily create a condition precedent by including express language in the statute, and "there is little justification for the courts to insert such words into a statute." See Phantom of Clearwater, Inc. v. Pinellas County, 894 So. 2d 1011, 1019 (Fla. 2d DCA 2005) (discussing the absence of express preemption language); see also Brindise, 183 So. 3d at 1219 ("The [l]egislature knows how to create a condition precedent. Because the [l]egislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the [l]egislature did not enact.").

IV.    Conclusion

Deutsche Bank provided the trial court with the original note, containing the allonge dated September 26, 2006, with indorsement in blank. It also provided the assignment of mortgage, dated July 26, 2011. Deutsche Bank was not the assignee of

---

[5]Even if this court had not already held that section 559.715 does not create a condition precedent, "[a]bsent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract." See Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 47 (Fla. 5th DCA 2015). The Hagstroms did not allege how they were prejudiced by Deutsche Bank's alleged failure to comply with section 559.715.

- 10 -

the right to bill and collect the debt; it was the holder of the note at the time the lawsuit was filed.  Section 559.715 is inapplicable to Deutsche Bank.

Section 559.715 simply does not apply to holders of notes secured by mortgages on real property.  Neither is it an affirmative defense to foreclosure actions; it does not establish a condition precedent and in no other way avoids the claims to foreclose a mortgage and enforce a note.  Because we resolve the appeal based on the plain language of section 559.715, we elect not to address Deutsche Bank's remaining arguments.

Reversed and remanded for further proceedings.


SLEET, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.




SILBERMAN, Judge, Specially concurring.

I concur in the well-reasoned majority opinion except to note that the discussion of Brindise v. U.S. Bank National Ass'n, 183 So. 3d 1215, 1219 (Fla. 2d DCA), review denied, No. SC16-300, 2016 WL 1122325 (Fla. Mar. 22, 2016), regarding whether section 559.715 establishes a condition precedent to a foreclosure suit is not essential to the decision in this case.  If that issue were dispositive here, I recognize that

- 11 -

I would be bound by our decision in <u>Brindise</u>.  However, if I were writing on a clean slate, then for the reasons expressed by Judge Khouzam in her dissent in <u>Brindise</u> I would conclude that the plain language of section 559.715 creates a condition precedent to filing suit.  <u>See</u> 183 So. 3d at 1221-25 (Khouzam, J., dissenting).