NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BALBINA A. YOUNG and LAWRENCE E. )
YOUNG, SR., )
                      )
        Appellants, )
                      )
v. )        Case No. 2D15-1023
                      )
NATIONSTAR MORTGAGE, LLC, )
                      )
        Appellee. )
                      )

Opinion filed September 28, 2016.

Appeal from the Circuit Court for Pasco
County; Karl B. Grube, Acting Circuit
Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellants.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Eric M. Levine
of Akerman LLP, West Palm Beach for
Appellee.


MORRIS, Judge.

        Balbina and Lawrence Young appeal a final summary judgment of

foreclosure entered in favor of Nationstar Mortgage, LLC. We reverse because

Nationstar failed to satisfy its summary judgment burden of demonstrating that a defense raised by the Youngs is legally insufficient.

## I. Background

On March 11, 2013, Nationstar filed a one-count complaint for mortgage foreclosure against the Youngs, alleging that the Youngs had executed a promissory note in 2005 as well as a mortgage securing payment on the note. Nationstar alleged that it was entitled to enforce the note and attached a copy of the note indorsed in blank.[1] The complaint also alleged that the Youngs had defaulted on their monthly payments beginning in August 2012. Nationstar further alleged that "all conditions precedent" had been met. The Youngs answered the complaint, denying that Nationstar had complied with two conditions precedent. The Youngs alleged that Nationstar had failed to comply with paragraph 22 of the mortgage regarding notice of acceleration and that Nationstar had failed to comply with section 559.715, Florida Statutes, which requires written notice of an assignment "of the right to bill and collect a consumer debt" before an assignee may file an action to collect the debt.

In July 2014, Nationstar filed a motion for summary judgment with a supporting affidavit of indebtedness executed by an officer of Nationstar. The trial court held a hearing on Nationstar's motion for summary judgment on February 2015, at which Nationstar referenced another affidavit that had been filed with the court in May 2014, attesting that Nationstar was the holder in possession of the note at the time the default occurred and that Nationstar had mailed a "breach letter" to the Youngs in September 2012. Nationstar argued that summary judgment should be granted

---

[1]In October 2014, Nationstar filed the original note indorsed in blank.

because there were no disputed material issues of fact.  The Youngs responded that the motion for summary judgment and supporting affidavits did not address the Youngs' denials of the two conditions precedent or their other affirmative defenses.  Nationstar argued that the section 559.715 and paragraph 22 defenses had been waived because they were not contained in the Youngs' affirmative defenses, but the Youngs responded that they had specifically raised the defenses in their answer by denying the two conditions precedent.  At the conclusion of the hearing, the trial court ruled "that there has been raised no material issue of law or fact that would preclude the court from entering summary judgment at this time."  Thereafter, a final judgment of foreclosure was entered in favor of Nationstar.

## II.  Analysis

On appeal, the Youngs argue that the trial court erred in entering summary judgment because disputed issues of material fact remained on the Youngs' defenses, namely, that the Youngs had not received written notice of the assignment of the debt as required by section 559.715 and that Nationstar had not given the Youngs written notice of acceleration in compliance with paragraph 22 of the mortgage.

Regarding the first issue, this court has recently held that section 559.715 is not "an affirmative defense to foreclosure actions[,] does not establish a condition precedent[,] and in no other way avoids the claims to foreclose a mortgage and enforce a note."  Deutsche Bank Nat'l Trust Co. v. Hagstrom, 41 Fla. L. Weekly D1671, D1673 (Fla. 2d DCA July 20, 2016); see also Brindise v. U.S. Bank Nat'l Ass'n, 183 So. 3d 1215, 1216 (Fla 2d DCA 2016) (holding that "providing the notice described in section 559.715 is not a condition precedent to foreclosure"), rev. den., 2016 WL 1122325 (Fla.

Mar. 22, 2016).[2] Therefore, this defense fails as a matter of law and the Youngs are not entitled to a reversal of the summary judgment on this basis.

However, we find merit in the Youngs' argument that the trial court erred in entering summary judgment because Nationstar did not meet its burden in regard to the Youngs' paragraph 22 defense, which is a recognized defense to mortgage foreclosure. Summary judgment should only be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Amstone v. Bank of N.Y. Mellon, 182 So. 3d 804, 806 (Fla. 2d DCA 2016). "[A] summary judgment must not only establish that no genuine issues of fact exist as to the parties' claims, but it also must either factually refute the affirmative defenses or establish that they are legally insufficient." Id. (quoting Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011)). "The party moving for summary judgment bears the burden of establishing *irrefutably* that the nonmoving party cannot prevail." Bryson v. Branch Banking & Trust Co., 75 So. 3d 783, 785 (Fla. 2d DCA 2011). Recently, this court reversed a summary judgment of foreclosure where the homeowner alleged failure to comply with paragraph 22 as a defense, the bank did not specifically address or refute the defense in its motion for summary judgment or at the summary judgment hearing, and "the affidavits regarding the [p]aragraph 22 notice created a factual dispute that needed to be

---

[2]This court has also held that where the party "seeking to enforce the note is the holder of the note and not merely the assignee of the right to bill and collect the debt, section 559.715 is inapplicable." Bank of N.Y. Mellon v. Welker, 41 Fla. L. Weekly D1478 (Fla. 2d DCA June 24, 2016); see also Hagstrom, 41 Fla. L. Weekly D1671 (Fla. 2d DCA July 20, 2016). Here, Nationstar alleged in its complaint that it held the note and filed the original note indorsed in blank, but the Youngs alleged in their answer that Nationstar did not have standing.

resolved." Amstone, 182 So. 3d at 807; see also Alejandre v. Deutsche Bank Trust Co. Ams., 44 So. 3d 1288, 1290 (Fla. 4th DCA 2010)).

> In their answer, the Youngs averred that Nationstar
>
> failed to give notice of the alleged default and an opportunity to cure, as required by paragraph 22 of the subject mortgage. Even if [Nationstar] sent the notice, it did not contain the information required, as it did not come from the Lender, did not specify the default, the action required to cure the default, that failure to cure the default would result in foreclosure by judicial proceeding, nor did it inform [the Youngs] of the right to reinstate after acceleration.

When Nationstar moved for summary judgment, it did not address its compliance with paragraph 22 or the Youngs' defense under paragraph 22. At the summary judgment hearing, Nationstar relied on the May 2014 affidavit alleging that a "breach letter" had been sent to the Youngs in September 2012. The Youngs filed affidavits in opposition to summary judgment, attesting that they had never received any notice of default from Nationstar, but the affidavits were untimely and the Youngs do not argue on appeal that those affidavits should have been considered. See Fla. R. Civ. P. 1.510(c) (requiring opposing party to serve summary judgment evidence, which has not been filed with the court, five days before the hearing or to deliver the evidence two days before the hearing).

While Nationstar's affidavit may have established that no genuine issue of material fact existed regarding whether Nationstar actually sent notice to the Youngs, this affidavit addressed only one part of the Youngs' paragraph 22 defense. The Youngs also alleged that any notice did not comply with paragraph 22, and Nationstar did not demonstrate in its motion for summary judgment or at the hearing on its motion that this portion of the defense was legally insufficient. See Konsulian, 61 So. 3d at

-5-

1285 (reversing summary judgment entered in favor of bank because bank "did not refute [homeowner's] defenses *nor did it establish that [homeowner's] defenses were legally insufficient*" (emphasis added)).  By failing to address this portion of the Youngs' defense, Nationstar did not meet its summary judgment burden of establishing that the Youngs' defense was legally insufficient.  Accordingly, we reverse the final judgment of foreclosure and remand for further proceedings.[3]

Reversed and remanded.


BLACK and LUCAS, JJ., Concur.

---

[3]This court has held that notice given under paragraph 22 must substantially comply with paragraph 22 and that strict compliance is not required. Green Tree Servicing, LLC v. Milam, 177 So. 3d 7 (Fla. 2d DCA 2015).  We do not consider whether the letter in this case substantially complies with paragraph 22 of the mortgage because the parties have not asked us to do so and because the trial court has not ruled on this issue in the first instance.  As stated above, Nationstar, as the moving party, had the burden of establishing that the Youngs' defense was legally insufficient, and it made no attempt to do so below or on appeal.