NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


WELLS FARGO BANK, N.A., )
)
      Appellant, )
)
v. )    Case No. 2D15-4222
)
LISA G. GUESS and MICHAEL S. )
GUESS, )
)
      Appellees. )
_____ )

Opinion filed February 1, 2017.

Appeal from the Circuit Court for Pasco
County; Linda Babb, Judge.

Dean A. Morande and Michael K. Winston of
Carlton Fields Jorden Burt, P.A., West Palm
Beach, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellee Lisa G. Guess.

No appearance for remaining Appellee.


CASE, JAMES R., Associate Senior Judge.

         In this mortgage foreclosure action, Wells Fargo Bank, N.A. (Wells Fargo),

appeals an order of dismissal entered in favor of the borrowers, Lisa and Michael

Guess. The trial court granted Lisa Guess's motion for summary judgment on the basis

that Wells Fargo failed to comply with section 559.715, Florida Statutes (2012).  The notice requirement described in section 559.715, however, is not a condition precedent to foreclosure.  Brindise v. U.S. Bank Nat'l Ass'n, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016).  Accordingly, we reverse the trial court's order granting summary judgment and the resulting dismissal and remand this case for further proceedings.

Guess argues that we should nonetheless affirm the trial court's dismissal order on account of Wells Fargo's failure to substantially comply with paragraph 22 of the mortgage, which provides, in pertinent part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

We disagree.  Wells Fargo filed an affidavit in response to Guess's motion for summary judgment and attached a default letter that Wells Fargo had mailed to Guess.  Although the default letter does not explicitly state that the property might be sold, the letter unambiguously complies with all other requirements of paragraph 22.  The letter also states that the Guesses will lose their interest in and rights to the property in the event of foreclosure.  On these facts, we are not persuaded that Wells Fargo failed to

substantially comply with the requirements of paragraph 22 of the mortgage.  <u>See</u>

<u>Green Tree Servicing, LLC v. Milam</u>, 177 So. 3d 7, 15 (Fla. 2d DCA 2015).

Reversed and remanded.


VILLANTI, C.J., and NORTHCUTT, J., Concur.