NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE FOR THE )
REGISTERED HOLDER OF MORGAN )
STANLEY HOME EQUITY LOAN )
TRUST 2007-2 MORTGAGE PASS )   Case No. 2D15-2833
THROUGH CERTIFICATES, SERIES )
2007-2, )
)
        Appellant, )
)
v. )
)
)
V. DAVID FAIRBANKS, JR., and )
DENISE FAIRBANKS, )
)
)
        Appellees. )
                             )

Opinion filed March 1, 2017.

Appeal from the Circuit Court for
Hillsborough County; Christine K. Vogel,
Senior Judge.

Patrick G. Broderick of Greenberg
Traurig, P.A., West Palm Beach; and
Kimberly S. Mello and Jonathan S. Tannen
of Greenberg Traurig, P.A., Tampa, for
Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellees.

CRENSHAW, Judge.

Deutsche Bank National Trust Company appeals the order dismissing its foreclosure action without prejudice. The trial court's dismissal was based on its determination that the Bank failed to comply with paragraph twenty-two of the mortgage because the Bank's notice of default did not specify that failure to cure the default may result in sale of the property.[1] Paragraph twenty-two of the mortgage provides, in pertinent part:

> Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach . . . . The notice shall specify:
> (a) the default; (b) the action required to cure the default; (c)
> a date, not less than 30 days from the date the notice is
> given to Borrower, by which the default must be cured; and
> (d) that failure to cure the default on or before the date
> specified in the notice may result in acceleration of the sums
> secured by this Security Instrument, foreclosure by judicial
> proceeding and sale of the Property.

The relevant portion of the notice at issue informed the Fairbankses that the "[f]ailure to bring [their] account current may result in [the lender's] election to exercise [its] right to foreclose on [the] property."

"[W]hen the content of a lender's notice letter . . . varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action." Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 14-15 (Fla. 2d DCA 2015). Contrary to the Fairbankses' argument on appeal, the notice did not "omit[] an entire

---

[1]This court's opinion in Green Tree Servicing, LLC v. Milam, 177 So. 3d 7 (Fla. 2d DCA 2015), had not yet issued at the time of the trial court's ruling.

element" of paragraph twenty-two simply because it did not specify that foreclosure may result in a sale.  Per subpart (d) of paragraph twenty-two, the notice adequately informed the Fairbankses that the failure to cure the default could result in foreclosure. The failure to specify that foreclosure could result in a sale was a minor variation from the language in paragraph twenty-two that did not "go[] to the essence of the parties' bargain."  Green Tree, 177 So. 3d at 15.  Because the notice substantially complied with paragraph twenty-two, we reverse and remand for further proceedings.

Reversed and remanded.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.