NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

U.S. BANK, N.A., AS TRUSTEE FOR     )
RFMSI 2006-S10,                     )
                                    )
       Appellant,                   )
                                    )
v.                                  )      Case No. 2D15-4202
                                    )
ROBERT A. ADAMS, SHEILAH C.         )
ADAMS and GULF AND BAY CLUB         )
CONDOMINIUM ASSOCIATION, INC.,      )
                                    )
       Appellees.                   )
_____ )

Opinion filed May 12, 2017.

Appeal from the Circuit Court for Sarasota
County; Nancy K. Donnellan, Senior Judge,
and Kimberly C. Bonner, Judge.

Dean A. Morande and Michael K. Winston
of Carlton Fields Jorden Burt, P.A., West
Palm Beach, and Nicholas A. Brown of
Carlton Fields Jorden Burt, P.A., Tampa,
for Appellant.

Mark P. Stopa of Stopa Law Firm of Tampa,
for Appellees Robert A. Adams and Sheilah
C. Adams.

No appearance for Appellee Gulf and Bay
Club Condominium Association, Inc.

SILBERMAN, Judge.

In this residential foreclosure action, U.S. Bank seeks review of a final summary judgment in favor of the defendants, Robert and Sheilah Adams. The summary judgment was based on the Adamses' argument that U.S. Bank failed to comply with the condition precedent of giving notice pursuant to section 559.715, Florida Statutes (2013), of the Florida Consumer Collection Practices Act. We reverse because section 559.715 does not create a condition precedent. In so doing, we reject two alternate bases for affirmance presented by the Adamses regarding U.S. Bank's alleged failure to comply with a condition precedent in paragraph 22 of the mortgage.

In the operative complaint, U.S. Bank alleged that all conditions precedent had been fulfilled or had occurred. In their answer, the Adamses alleged that U.S. Bank failed to give notice that the debt had been assigned to U.S. Bank as required by section 559.715 and failed to give notice of default as required by paragraph 22 of the mortgage. The Adamses eventually moved for summary judgment on these bases.

In support of these arguments, the Adamses attached affidavits in which each of them asserted as follows:

> The mortgage in this case required that the bank give me 30 days' notice of any alleged default and an opportunity to cure such default prior to accelerating the balance alleged to be due and prior to initiating any foreclosure lawsuit. The notice was supposed to include specific terms outlined in paragraph 22 of the mortgage. I have never received any such notice from Plaintiff (or anyone purporting to act [on] Plaintiff's behalf). I have never been given any default or given any notice of any alleged default on my mortgage or an opportunity to cure said default.
> I never signed a Note or Mortgage with Plaintiff, and it did not give me written notice that this debt was allegedly assigned to it, nor did it even provide me with the required notice of assignment 30 days prior to filing this lawsuit. . . .

(Footnote omitted.)

U.S. Bank filed a memorandum in opposition to the motion for summary judgment in which it argued that section 559.715 does not create a condition precedent to filing a mortgage foreclosure action. As to paragraph 22, U.S. Bank asserted it had complied with the mortgage's notice requirement by mailing a notice of default to the Adamses, and it filed a copy of the notice with its memorandum. U.S. Bank alternatively argued that the Adamses' affidavits were insufficient to establish the absence of an issue of material fact regarding whether U.S. Bank gave notice of default. U.S. Bank asserted that the notice of default was subject to a "mailbox rule" in paragraph 15 which deems notice to be given when <u>mailed</u>. According to U.S. Bank, the Adamses' affidavits did not refute its assertion in the complaint that it complied with all conditions precedent because the affidavits failed to establish that the requisite notice had not been mailed.

The hearing on the Adamses' summary judgment motion was brief. The Adamses argued that section 559.715 created a condition precedent and that U.S. Bank had not given the required notice. In response, U.S. Bank argued that the Adamses' affidavits were legally insufficient to establish their entitlement to summary judgment because they had not established that U.S. Bank failed to send any required notice; rather, they simply established that they had not received such notice. At the conclusion of the hearing, the trial court granted the motion for summary judgment and dismissed the case. U.S. Bank filed a motion for rehearing reiterating the arguments made in its memorandum and at the hearing. The court denied the motion.

On appeal, U.S. Bank correctly observes that this court has recently determined that the notice provision in section 559.715 does not create a condition precedent to foreclosure. <u>See</u> <u>Brindise v. U.S. Bank N.A.</u>, 183 So. 3d 1215, 1221 (Fla.

- 3 -

2d DCA), <u>review denied</u>, No. SC16-300, 2016 WL 1122325 (Fla. Mar. 22, 2016). Consistent with <u>Brindise</u>, the Adamses' defense of lack of notice under section 559.715 was legally insufficient to support a summary judgment. <u>See</u> <u>Wells Fargo Bank, N.A. v. Guess</u>, 42 Fla. L. Weekly D285, D285 (Fla. 2d DCA Feb. 1, 2017); <u>see also</u> <u>Young v. Nationstar Mortg., LLC</u>, 205 So. 3d 790, 791 (Fla. 2d DCA 2016).

The Adamses assert that U.S. Bank failed to preserve this argument for review by not adequately addressing it at the summary judgment hearing. We disagree. Although U.S. Bank focused its argument at the hearing on the sufficiency of the Adamses' affidavits and made limited mention of section 559.715, it specifically argued that section 559.715 does not create a condition precedent in its memorandum in opposition to the Adamses' motion for summary judgment and in its motion for rehearing. At the summary judgment hearing, the Adamses addressed this issue and attempted to rebut it. Thus, U.S. Bank's argument against the application of section 559.715 was before the court, and we reject the Adamses' contention that U.S. Bank failed to preserve the issue.

The Adamses raise two alternate bases for affirmance under the "tipsy coachman" doctrine which "allows an appellate court to affirm a trial court decision that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.' " <u>City of Clearwater v. Sch. Bd. of Pinellas Cty.</u>, 905 So. 2d 1051, 1057 (Fla. 2d DCA 2005) (quoting <u>Dade Cty. Sch. Bd. v. Radio Station WQBA</u>, 731 So. 2d 638, 644 (Fla. 1999)). First, the Adamses argue that they were entitled to summary judgment based on U.S. Bank's failure to give notice of default as required by paragraph 22 of the mortgage. However, this court has recently held

- 4 -

that affidavits materially indistinguishable from the Adamses' were insufficient to establish entitlement to summary judgment based on the failure to give notice under paragraph 22. See JPMorgan Chase Bank, N.A. v. Ostrander, 201 So. 3d 1281, 1283 (Fla. 2d DCA 2016).

Second, on appeal the Adamses argue for the first time that the notice of default did not substantially comply with paragraph 22's requirement that it apprise the borrowers a "sale" may result from the failure to cure the default. Paragraph 22 of the mortgage provides, in pertinent part, as follows:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

(Emphasis added.) The pertinent part of the notice provides, "Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding, which could result in Lender or another person acquiring ownership of the property."

We conclude that this notice was sufficient to inform the Adamses that their failure to cure the default could result in foreclosure despite its failure to state that the property might be sold. See Deutsche Bank Nat'l Trust Co. v. Fairbanks, 42 Fla. L. Weekly D504, D504-05 (Fla. 2d DCA Mar. 1, 2017) ("The failure to specify that foreclosure could result in a sale was a minor variation from the language in paragraph twenty-two that did not 'go[ ] to the essence of the parties' bargain.' " (alteration in

- 5 -

original) (quoting <u>Green Tree Servicing, LLC v. Milam</u>, 177 So. 3d 7, 15 (Fla. 2d DCA 2015))); <u>Guess</u>, 42 Fla. L. Weekly at D285 ("Although the default letter does not explicitly state that the property might be sold, the letter unambiguously complies with all other requirements of paragraph 22.").

In summary, the Adamses failed to establish entitlement to summary judgment based on U.S. Bank's alleged failure to give notice under section 559.715 because giving notice under that section is not a condition precedent to foreclosure. We are not persuaded that affirmance is nonetheless required based on the Adamses' paragraph 22 arguments. We therefore reverse the final summary judgment and remand for further proceedings.

Reversed and remanded.


NORTHCUTT and LaROSE, JJ., Concur.