IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-1,

      Appellant,

 v.

      Case No.  5D16-156

CHARLES LIPARI,

      Appellee.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Brevard County,
David Dugan, Judge.

Melanie Weseman, of Pollack & Rosen,
P.A., Coral Gables,  Rachel A. Morris
and Dayle M. Van Hoose, of Sessions,
Fishman,  Nathan  &  Israel,  L.L.C.,
Tampa, for Appellant.

Jordan T. Isringhaus, Ian R. Leavengood
and G. Tyler Bannon, of Leavenlaw, St.
Petersburg, for Appellee.

PER CURIAM.

     National Collegiate Student Loan Trust 2007-1 ("NCT"), appeals a final summary

judgment entered in favor of Charles Lipari in the collection of debt.  Appellee's son,

Nicholas Lipari, entered into an educational loan agreement with JPMorgan Chase Bank,

N.A. The student loan obligation was co-signed by Appellee, Charles Lipari. Nicholas Lipari failed to make payment and the loan went into default. NCT then filed against both defendants. Appellee contends that NCT failed to provide notice of an assignment of the debt to him as required by the Florida Consumer Collection Practices Act (FCCPA), section 559.715, Florida Statues (2007), prior to filing suit. Appellee also contends that the notice of assignment provision is a condition precedent to the filing of a collection lawsuit under Florida law. The trial court agreed and entered judgment in favor of Charles Lipari. We disagree and reverse.

The Florida Consumer Collection Practice Act was enacted to provide a statutory scheme for collecting consumer debts in the State of Florida. It provides that a holder of a promissory note can assign the right to bill and collect to a collection agency for the purposes of more expeditiously collecting consumer debt that is in default. Section 559.715, Florida Statutes (2007), requires a collection agency to give written notice to the debtor of the assignment at least thirty days prior to the filing of any action to collect on the debt. In the instant case, the entire note originally made by JPMorgan Bank, N.A., was assigned to NCT. No rights were retained by the assignor. There is nothing in section 559.715 that would indicate that written notice of the assignment is a condition precedent to filing suit. The Second District Court of Appeal under similar facts in *Brindise v. U.S. Bank National Ass'n,* 183 So. 3d 1215 (Fla. 2d DCA 2016), albeit in a mortgage foreclosure action, held that the notice requirement set forth in section 559.715, Florida Statutes, was not a condition precedent to suit. The Second District Court of Appeal reaffirmed that principle in the case of *Deutsche Bank National Trust Co. v. Hagstrom*, 203 So. 3d 918 (Fla. 2d DCA 2016), and the Fourth District Court of Appeal has also

2

come to the same conclusion regarding section 559.715, Florida Statutes, in the case of *Bank of America, N.A. v. Siefker*, 201 So. 3d 811 (Fla. 4th DCA 2016). We agree with our sister courts that the notice requirement of section 559.715, Florida Statutes, is not a condition precedent to filing suit. Accordingly, we reverse the summary judgment entered in favor of Charles Lipari and remand the matter to the trial court.

REVERSED and REMANDED.

EVANDER and BERGER, JJ., and JACOBUS, B.W., Senior Judge, concur.