LaROSE, Judge.
Brendan and Suzanne Brindise appeal a final foreclosure judgment. They raise but one issue — one that may be of first impression in the district courts of appeal. They claim that the trial court erroneously entered final judgment because, prior to filing suit, U.S. Bank National Association, the holder of the note, failed to give them written notice of the assignment of their mortgage loan as required by section 559.715, Florida Statutes (2012). According to the Brindises, such notice was a condition precedent to suit. The Brindises posit that U.S. Bank’s failure of pleading and proof on this issue barred foreclosure. We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A). We affirm the final foreclosure judgment. In doing so, we hold only that providing, the notice described in section 559.715 is not a condition precedent to foreclosure.

Background

In 2005, the Brindises took out a loan and signed a promissory note, secured by a mortgage, to buy a home in Lee County. Countrywide Home Loans, Inc., was their lender. Later, U.S. Bank acquired the note by an assignment through a blank indorsement. See § 673.2051(2), Fla. Stat. (2014) (“If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a ‘blank indorsement.’ When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.”). U.S. Bank also became the assignee of the mortgage.
The Brindises stopped making loan payments sometime in 2010. As holder of the note, U.S. Bank filed a foreclosure suit in *1217 the fall of 2012.[1] In addition to foreclosure, U.S. Bank sought a money judgment for the entire accelerated principal due on the note, together with any deficiency after sale, interest, and attorney’s fees. A legend on the bottom of U.S. Bank’s amended complaint states that the lawsuit “is an attempt to collect a debt.”
As a defense to the suit, the Brindises alleged that U.S. Bank failed to give them written notice of assignment as required by section 559.715. The Brindises contend that upon becoming holder of the note through an assignment, and at least thirty days before filing suit, U.S. Bank had to provide written notice to them. The trial court rejected this argument and denied their motion for involuntary dismissal. At the conclusion of a nonjury trial, the trial court entered a final foreclosure judgment in favor of U.S. Bank.

Analysis

Because the parties ask us to interpret a statute, our standard of review is de novo. See W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 8 (Fla.2012); Fla. Ins. Guar. Ass’n, Inc. v. Lustre, 163 So.3d 624, 628 (Fla. 2d DCA 2015).
Enacted in 1989, section 559.715 is part of the Florida Consumer Collection Practices Act (FCCPA). See § 559.551. Debt collection practices are also subject to federal oversight under the Fair Debt Collection Practices Act. 15 U.S.C. §§ 1692-1692p (FDCPA). Our brief reference to the federal statute is important because each party relies on any number of federal cases interpreting the FDCPA, an analog to the FCCPA. See § 559.552 (providing that the FCCPA does not limit or restrict the application of the FDCPA; in the event of any inconsistency in the two acts, the more protective for the consumer or debtor prevails). State law does not mandate that the state courts obey federal precedent. Section 559.77(5) provides that “[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the [FDCPA].” Dish Network Serv., L.L.C. v. Myers, 87 So.3d 72, 77 (Fla. 2d DCA 2012).
Section 559.715 provides as follows: Assignment of consumer debts. — This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.
The legislature intended the statute to streamline the collection of consumer debts. See Fla. S. Comm, on Judiciary, CS for CS for SB 196 (1989) Staff Analysis 1 (Apr. 25, 1989). By allowing the assignment of the right to bill and collect, the statute “permits the consolidation of all claims by various creditors against a particular debtor.” See Fla. H.R. Comm, on Com., HB 1566 (1989) Staff Analysis 1 (June 22, 1989). The salutary result of such consolidation is to reduce the number of lawsuits that collection agencies must pursue. Id. Indeed, the assignment and consolidation process allows a stranger to the initial financing transaction, typically a collection agency, to proceed more efficiently to obtain payment of delinquent obligations from a single debtor for the *1218 benefit of multiple creditors. See Fla. S. Comm. on Judiciary, CS for CS for SB 196 (1989) Staff Analysis 1 (Apr. 26, 1989). The written notice of assignment alerts the consumer that the creditor has delegated a right to recover to the assignee. It is not apparent, however, that section 559.716 applies neatly in the mortgage foreclosure context where, more often than not, a single note holder seeks to foreclose on a single mortgage and note upon the mortgagor’s default. The assignee of the note is not a collection agent for others.[2]
Because section 559.715 applies to consumer debt, the parties battle over whether a foreclosure suit is an effort to collect a consumer debt. The parties jockey almost ceaselessly trying to convince us that a foreclosure action is or is not a debt collection proceeding. On that point, the federal cases to which they cite offer no meaningful consistency. See, e.g., Dunavant v. Sirote & Permutt, P.C., 603 Fed.Appx. 737 (11th Cir.2015) (holding that publishing mortgage foreclosure notices amounts only to enforcement of a security interest and not a collection of debt for purposes of the FDCPA); Summerlin Asset Mgmt. V Trust v. Jackson, No. 9:14-cv-81302, 2015 WL 4065372 (S.D.Fla. July 2, 2015) (stating that compliance with section 559.715 of the FCCPA is not a condition precedent to the commencement of a mortgage foreclosure action); Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir.2012) (noting, in the context of a “dunning” letter from a law firm; that a jplausi-ble claim was stated under the FDCPA where it was alleged (1) that the defendant is a “debt collector” anc( (2) that the challenged conduct is related to debt collection); Birster v. Am. Home Mortg. Servicing, Inc., 481 Fed.Appx. 579 (11th Cir.2012) (holding that mortgage loan servi-cer’s conduct supported conclusion that it engaged in debt collection activity, in addition to enforcing a security interest, under FDCPA).
Section 559.55(6)[3] defines “debt” or “consumer debt” as “any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.” Because the Brindises borrowed money to buy a home, they argue that they incurred a consumer debt to which section 559.715 applies.
U.S. Bank does not seriously argue that an effort to collect on a defaulted mortgage loan can never be an attempt to collect a consumer debt. Rather, and despite the admonition in its amended complaint, U.S. Bank contends that the filing of a foreclosure suit, alone, is but an attempt to enforce its security interest in the property.[4] See, e.g., Dunavant, 603 Fed.Appx. 737 (stating that publication of foreclosure notices amounts only to enforce *1219 ment of a. security instrument and not a debt for purposes of the FDCPA).
Focusing solely on whether the foreclosure suit is an effort to collect a consumer debt, the parties urge us to become ensnared unnecessarily in a briar patch. ' We need not fight their fight. Even if a foreclosure suit is an effort to collect a consumer debt, several reasons compel us to conclude that the trial court did not err.
First, we examine the statute’s text. Section 559.715 has no language making written notice of assignment a condition precedent to suit. The Legislature, of course, knows how to condition the filing of a lawsuit on some prior occurrence. It has done so, for example, for libel and slander actions. §§ 770.01-.02, Fla. Stat. (2014). Before a victim of alleged medical malpractice can file a negligence suit, the victim must engage in a rigorous presuit investigation and discovery process. §§ 766. 203-.206, Fla. Stat. (2014). In the condominium context, the Legislature has mandated that the parties engage in an alternative dispute resolution process- before seeking trial court relief. § 718.1255(4), Fla. Stat. (2014).' The Legislature knows how to create a condition precedent. Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statuté to include language the Legislature did not enact.
Second, anticipating the assignment of the right to bill and collect to a third party, section 559.715 provides that the assignee is “a” real party in interest empowered to collect the debt. The open-ended “a” indicates that the assignee- is not the only real party in interest. If that were the intent, the Legislature would have referred to “the” real party in interest. Accordingly,, the statute reflects that the assignor retains rights against the debtor. The right to bill and collect, thus, does not rest exclusively with the assignee. In such a situation, requiring written notice from the assignee makes perfect sense; notice alerts the debtor that multiple parties may seek to collect a delinquent debt.
The foreclosure suit, here, poses no such concern.. Nothing in our record suggests that, upon assignment, U.S. Bank received anything less than the full bundle of rights associated with the Brindises’ mortgage loan. By assignment, U.S. Bank .owned the note and the mortgage. The assignor divested itself of any interest in the Brin-dises’ mortgage loan. U.S. Bank alleged and proved that it held the note at the time it filed suit. On appeal, the Brindises do not challenge U.S. Bank’s standing. Florida law is clear that the note holder has the right to foreclose. See § 673.3011(2), Fla. Stat. (2014); Creadon v. U.S. Bank N.A., 166 So.3d 952, 954 (Fla. 2d DCA 2015); Mazine v. M & I Bank, 67 So.3d 1129, 1130 (Fla. 1st DCA 2011). That right exists whether or not another entity services the loan or whether the holder acquired the note by assignment. U.S. Bank is “the” real party in interest.
Third, viewing section 559.715 in the broader context of the FCCPA further undermines the Brindises’ position. The Brindises' argue that if compliance with section 559.715 is not a condition precedent to suit, they will have no remedy for the alleged failure to provide notice. Section 559.72 prohibits specified debt collection practices. For example, it prohibits a debt collector from using threats of force or violence, wrongful disclosure of information, abusive or harassing techniques, abusive language, and improper timing of collection phone calls. See, e.g., § 559.72(2), (5), (6), (8), (17); Dish Network, 87 So.3d at 74 (stating-a claim that Dish (1) willfully engaged in conduct that could reasonably be expected to abuse or harass in violation of section 559.72(7), and (2) attempted to collect a debt while knowing that it was *1220 not a legitimate debt in violation of section 559.72(9)).[5] The Brindises do not claim that U.S. Bank engaged in such untoward tactics. If it had, the legislature has created private causes of action for consumers to recover damages and other relief. See § 559.77. Those remedies, however, do not extend to section 559.715. Indeed, the prohibitions in section 559.72 do not include the alleged failure to give notice. But, the FCCPA imposes a sweeping scheme of administrative enforcement. See §§ 559.725, .726, .727, .730, .77, .78, .785. For example, a person who violates any provision of the FCCPA is subject to a cease and desist order. § 559.727. Further, persons registered or required to be registered under section 559.553 are subject to disciplinary action for failure to comply with any provision of the FCCPA. § 559.565. We are unaware if the Brindis-es availed themselves of these procedures. Nevertheless, we are not prepared to conclude that not applying section 559.715 immunizes an alleged violator as they contend.
The FCCPA prohibits egregious debt collection practices and provides legal remedies to protect consumers from harassing collection efforts. See Summerlin, 2015 WL 4065372, at *4 (stating that the purpose and intent of the FCCPA “is to eliminate abusive and harassing tactics in the collection of debts”). The Brindises have not demonstrated that the mere filing of a foreclosure suit, even one seeking money damages, implicates those concerns. Thus, where administrative enforcement mechanisms exist, making section 559.715 a condition precedent is not necessary to the primary purpose of the FCCPA.
Fourth, with this broader understanding of the FCCPA, we conclude that the Brin-dises’ reliance on Gann v. BAG Home Loans Servicing LP, 145 So.3d 906 (Fla. 2d DCA 2014), is misplaced. They contend that Gann compels the conclusion that filing a foreclosure suit constitutes a section 559.715 “action to collect a debt.” But, Gann does not implicate section 559.715. In Gann, a mortgagor sued under the FCCPA, alleging illegal collection practices by a creditor in violation of section 559.72(9), Florida Statutes (2011). 145 So.3d at 907. Gann held only that the mortgagor stated a cause of action for prelitigation harassing debt collection practices. Id. at 910. The Brindises make no such claim against U.S. Bank.
Fifth, the Brindises’ reliance on Burt v. Hudson & Keyse, LLC, 138 So.3d 1193 (Fla. 5th DCA 2014), is also off the mark. In that case, the Fifth Distinct reversed entry of summary judgment for a creditor because a material issue of fact remained as to whether the creditor had actually provided the written notice required by section 559.715. Id. at 1194-95. Reading far too much into Burt, the Brindises argue that the case establishes that section 559.715 has been incorporated into the elements of pleading a foreclosure complaint. Burt, however, did not even discuss section 559.715 as a condition precedent to suit. Most significant, Burt involved the assignment of a credit card debt, the quintessential form of consumer debt. See Burt, 138 So.3d at 1194.
Sixth, the Brindises ignore the fact that the lender could transfer the note without prior notice to them. Specifically, paragraph 20 of the mortgage they executed provides that the note “can be sold one or *1221 more times without prior notice to [the Brindises].” As a matter of contract, section 559.715 is inapplicable.
We also find it significant that the Brin-dises contractually agreed with their lender on the procedure by which they would receive notice of any default and the manner in which the lender could accelerate all payments due. Paragraph 22 of the mortgage specifically provides as follows:
22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in the Security Instrument ... The notice shall specify: (a) the default; (b) the action required to cure the default; (e) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding[,] and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure....
The Brindises have not argued on appeal that they did not receive the paragraph 22 notice or that the notice was deficient.[6]
The Brindises entered into a binding contract and must recognize “the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship.” Singleton, 882 So.2d at 1007. Under paragraph 20, the Brindises are not entitled to the notice they claim is due under section 559.715. And, in the event of default, they agreed to a notice method independent of section 559.715.

Conclusion

We hold that failure to provide written notice under section 559.715 did not bar U.S. Bank’s foreclosure suit, nor did it create a condition precedent to the institution of the foreclosure suit. Accordingly, we affirm the trial court’s final foreclosure judgment. However, because innumerable foreclosure cases are pending in the trial and district courts where defendants have raised section 559.715 as a bar to foreclosure, we certify to the supreme court the following question as one of great public importance:
IS THE PROVISION OF WRITTEN NOTICE OF ASSIGNMENT UNDER SECTION 559.715 A CONDITION PRECEDENT TO THE INSTITUTION OF A FORECLOSURE LAWSUIT BY THE HOLDER OF THE NOTE?
Affirmed; question certified.
NORTHCUTT, J., Concurs.
KHOUZAM, J., Dissents with opinion.

, Although U.S. Bank held the note, our record indicates that Nationstar Mortgage, LLC, has serviced the loan since August 2013. BAC Home Loans Servicing, LP, was a prior servicer.

.It does not seem obvious that U.S. Bank would qualify as • a collection agency under the FCCPA; See § 559.533(3)(c), (i) (providing that registration requirements for collection agencies do not apply to financial institutions authorized to do business in Florida or to an FDIC insured institution), as amended in 2014, which renumbered the provision, without change, from section 559.553(4) to 559,553(3), 2014 Fla. Sess. Law Serv. Ch. 2014-116.

. As amended in 2014, which renumbered the definition provision, without change, from section 559.55(1) to 559.55(6). Ch. 2014-116, Laws of Fla.

. Mortgage foreclosures are équitable in nature. § 702.01, Fla. Stat. (2012-2014); see Singleton v. Greymar Assoc., 882 So.2d 1004, 1005 (Fla.2004); Clark v. Lachenmeier, 237 So.2d 583, 585 (Fla. 2d DCA 1970).

. Many of the federal cases upon which the Brindises rely include such unlawful conduct by a debt collector or loan servicer. See, e.g., Birster, 481 Fed.Appx. 579; Lara v. Special ized Loan Servicing, LLC, No. 1:12-cv-24405-UU, 2013 WL 4768004 (S.D.Fla. Sept. 6, 2013).

. Although not directly relevant to our decision, we observe that the Brindises have not shown what, if any, prejudice they suffered as a result of receiving no notice under section 559.715. They stopped making payments in 2010. They received the paragraph 22 letter, they appeared and defended in the lawsuit, and the original note was placed in the court file, eliminating the risk of another suit on the same note. We also observe that the paragraph 22 letter gave the Brindises a thirty-day cure period, a breathing period similar to that contained in section 559.715.