NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


THE BANK OF NEW YORK MELLON,   )
                                     )
          Appellant,           )
                                     )
v.                            )      Case No. 2D14-5613
                                   )
DANNY A. WELKER; PATRICIA WELKER; )
and RENT TO OWN LEASING CO., INC.,  )
                                   )
          Appellees.           )
_____)

Opinion filed June 24, 2016.

Appeal from the Circuit Court for Pinellas
County; Marion L. Fleming, Senior Judge.

Heidi J. Bassett, Robert R. Edwards, and
David Rosenberg of Robertson Anschutz &
Schneid, P.L., Boca Raton, for Appellant.

Michael P. Fuino of Weidner Law, P.A., St.
Petersburg, for Appellees Danny A. Welker
and Patricia Welker.

No appearance for Appellee Rent To Own
Leasing Co., Inc.


BLACK, Judge.

The Bank of New York Mellon[1] challenges the final summary judgment entered in favor of Danny and Patricia Welker and the order dismissing the Bank's action.

The Bank, in its capacity as Trustee, brought an action to foreclose the mortgage and enforce the note executed by the Welkers. The Bank alleged it was "the owner and holder of the note" and attached copies of the note and mortgage to the complaint. Countrywide Home Loans, Inc., was the lender under the note, and a stamped indorsement in blank from Countrywide appears on the last page of the note. The indorsement itself is undated. The mortgage provides that the lender is Countrywide and that Mortgage Electronic Registration Systems, Inc., is Countrywide's nominee.

In their answer and affirmative defenses to the amended complaint, the Welkers alleged that the Bank lacked standing because it was not the holder of the note at the inception of the action; that the Bank is not the real party in interest and that the action is being prosecuted by Specialized Loan Servicing, LLC (SPS), the Bank's servicer; that the Bank failed to comply with paragraph 22 of the mortgage; that the indorsement on the note is not authentic; that the note is not a negotiable instrument because it requires actions other than the payment of money and incorporates mortgage terms; that the Bank has not established its authority to bring the action as a Trustee; that SPS does not have legal capacity to act as the Bank's agent; that the Bank

---

[1]The Bank of New York Mellon, formerly known as The Bank of New York, filed the complaint as the Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-4.

failed to comply with section 559.715, Florida Statutes (2012); and that the Bank failed to properly verify the amended complaint.

The Welkers moved for summary judgment on the bases that the Bank failed to comply with paragraph 22 and section 559.715, both of which the Welkers asserted were conditions precedent to filing suit. At the hearing on the motion for summary judgment, counsel for the Welkers conceded that the Bank had substantially complied with the paragraph 22 requirements and argued solely that the Bank failed to comply with section 559.715 as a condition precedent. The court granted summary judgment.

As this court has previously held, providing the notice described in section 559.715 is not a condition precedent to foreclosure. Brindise v. U.S. Bank Nat'l Ass'n, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016). Further, where the entity seeking to enforce the note is the holder of the note and not merely the assignee of the right to bill and collect the debt, section 559.715 is inapplicable. See § 559.715 ("This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee [of the right to bill and collect a consumer debt] must give the debtor written notice of such assignment as soon as practical after the assignment is made . . . ." (emphasis added)); Brindise, 183 So. 3d at 1219 (stating that the right of the note holder to enforce the note exists regardless of assignment). The Bank's status as a holder of the note in this case was contested at the time of the summary judgment, making summary judgment improper regardless of the Welkers' specific argument regarding section 559.715's applicability.

Accordingly, we reverse the order dismissing the Bank's lawsuit and granting summary judgment, and we remand for reinstatement of the action.

Reversed and remanded with instructions.


NORTHCUTT and CRENSHAW, JJ., Concur.