CIKLIN, C.J.
The appellant, Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (“the bank”), appeals an order vacating a final judgment of foreclosure and dismissing the bank’s complaint. We agree with the bank that the trial court erred in interpreting a notice requirement in a Florida debt collection statute as constituting a condition precedent to a mortgage foreclosure. Accordingly, we reverse and remand for the trial court to reinstate the final judgment of foreclosure. All other issues raised by the bank are moot.
The bank brought a mortgage foreclosure suit against the appellee, Barbara C. Siefker (“the borrower”). In her amended answer, the borrower raised the following as an affirmative defense: “Defendant states that Plaintiff failed to comply with F.S. § 559.715 which required Plaintiff to give Defendant written notice of the alleged Assignment.” The borrower was referencing section 559.715, Florida Statutes (2012), which requires a debt creditor’s assignee to provide notice of the assignment to the debtor no later than thirty days before “any action to collect the debt.”
This case proceeded to trial and at the close of evidence, the borrower moved for involuntary dismissal, arguing among other things that “[t]here was zero evidence that they complied with [section 559.715] and that is a condition precedent to bringing this foreclosure action.” The bank responded that the statute does not apply to mortgage foreclosure suits. The trial court agreed and denied the motion.
*813 After the trial court entered a final judgment of foreclosure, the borrower moved for rehearing whereupon the trial court granted the motion with respect to the borrower’s argument that the bank had failed to comply with the notice requirement of section 559.715. The court then vacated the final judgment and dismissed the complaint.
We review the involuntary dismissal de novo. Wells Fargo Bank, N.A. v. Gonzalez, 186 So.3d 1092, 1095 (Fla. 4th DCA 2016) (citation omitted). Additionally, “where the question involves interpretation of a statute, it is subject to de novo review.” Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA 2011) (citation omitted).
A state statute and a federal statute govern consumer collection practices in Florida, to wit: the Florida Consumer Collection Practices Act, §§ 559.55-559.785 (“the FCCPA”), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (“the FDCPA”). “Both acts generally apply to the same types of conduct, and Florida courts must give ‘great weight’ to federal interpretations of the FDCPA when interpreting and applying the FCCPA.” Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2d DCA 2012) (quoting § 559.77(5), Fla. Stat.).
Section 559.715, at issue in this appeal, is contained in the FCCPA, and provides as follows:
This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.
§ 559.715, Fla. Stat. (emphasis added). Section 559.55(1), Florida Statutes (2012), defines “debt” or “consumer debt” as “any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.”[1]
The first issue we must address is whether section 559.715 applies to mortgage foreclosure suits. In other words, whether a mortgage foreclosure suit is an “action to collect the debt” and as a separate and distinct issue, whether the notice requirement provided for in the statute acts as a condition precedent to bringing suit.
Federal courts have addressed this issue, and their opinions provide guidance. In Glazer v. Chase Home Fin. LLC, 704 F.3d 453 (6th Cir.2013), the Sixth Circuit summarized the position of most federal district courts:
While the concept [of debt collection] may seem straightforward enough, confusion has arisen on the question whether mortgage foreclosure is debt collection under the [FDCPA]. We have not addressed the issue.... Other courts have taken varying approaches on the issue.
The view adopted by a majority of district courts ... is that mortgage foreclosure is not debt collection. This view follows from the premise that the enforcement of a security interest, which is precisely what mortgage foreclosure is, is not debt collection. See, e.g., Rosado *814 v. Taylor, 324 F.Supp.2d 917, 924 (N.D.Ind.2004) (“Security enforcement activities fall outside the scope of the FDCPA because they aren’t debt collection practices[,]” and “[n]o different rule applies in cases involving real property [.] ”); Hulse v. Ocwen Fed. Bank, 195 F.Supp.2d 1188, 1204 (D.Or.2002). However, if a money judgment is sought against the debtor in connection with the foreclosure, this view maintains, there has been debt collection, because there was an attempt to collect money. See, e.g., McDaniel v. South & Assocs., P.C., 325 F.Supp.2d 1210, 1217-18 (D.Kan.2004).
Id. at 460 (alterations in parenthetical in original). However, the Sixth Circuit found this approach unpersuasive, and it looked to the text of the FDCPA for guidance.
[The FDCPA] defines the word “debt,” for instance, which ⅛ “any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal; family, or household purposes[.]” 15 U.S.C. § 1692a(5). The focus on the underlying transaction, indicates that whether. an obligation is a “debt” depends not on whether the obligation is secured, but rather upon the. purpose for which it was incurred. Cf. Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 698 F.3d 290, 293 (6th Cir.2012). Accordingly, a home loan is a “debt” even if it is secured. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216-17, 1218 (11th Cir.2012); Maynard v. Cannon, 401 Fed.Appx. 389, 394 (10th Cir.2010); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir.2006).
In addition, the [FDCPA’s] substantive provisions indicate that, debt collection is performed through either “communication,” id. § 1692c, “conduct,” id, § 1692d, or “means,” id. §§ 1692e, 1692f.... Nothing in these provisions cabins their applicability to collection efforts not legal in nature. Cf. Heintz v. Jenkins, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (holding that “a lawyer who ‘regularly,’ through litigation, tries to collect consumer debts” is a “debt collector” under the [FDCPA]). Foreclosure’s legal nature, therefore, does not prevent it from being debt collection.
Furthermore, in the words of one law dictionary; “To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings.” Black’s Law Dictionary 263 (6th ed. 1990)_Thus, if a purpose of an activity taken in relation to a debt is to “obtain payment” of the debt, the activity is properly considered debt collection. Nothing in this approach prevents mortgage foreclosure activity from constituting debt collection under the [FDCPA]. See Shapiro and Meinhold v. Zartman, 823 P.2d 120, 124 (Colo.1992) (explaining that “foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt”). In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (ie., forcing a settlement) or compulsion (ie., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt). As one commentator has observed, the existence of redemption rights and the potential for deficiency judgments demonstrate that the purpose of foreclosure is to obtain payment on the. underlying *815 home loan. Such remedies would not exist if foreclosure were not undertaken for the purpose of obtaining payment. See Eric M. Marshall, Note, The Protective Scope of the Fair Collection Practices Act: Providing Mortgagors the Protection They Deserve From Abusive Foreclosure Practices, 94 Minn. L. Rev. 1269, 1297-98 (2010). Accordingly, mortgage foreclosure is debt collection under the FDCPA.
Id. at 460-61 (second alteration in original).
The Third and Fourth Circuits have also issued opinions supporting the proposition that a mortgage foreclosure suit is an attempt to collect a debt. See Kaymark v. Bank of Am., N. A, 783 F.3d 168, 179 (3d Cir.2015) (finding that “foreclosure meets the broad definition of ‘debt collection’ under the FDCPA”); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376-77 (4th Cir.2006) (rejecting argument that once foreclosure proceedings began, the pre-suit and post-suit letters demanding payment could not be viewed as attempts to'collect a debt).
While the Eleventh Circuit initially held that “foreclosing on a security interest is not debt collection activity for purposes of [the FDCPA],” see Warren v. Countrywide Home Loans, Inc., 342 Fed.App’x 458, 460 (11th Cir.2009), it later recognized that “an entity that regularly attempts to collect debts can be a ‘debt collector’ .., even when that entity is also enforcing a security interest_ [A]n entity can both enforce a security interest and collect a debt.” Birster v. Am. Home Mortg. Servicing, Inc., 481 Fed.App’x 579, 582-83 (11th Cir.2012); see also Dunavant v. Sirote & Permutt, P.C., 603 Fed.App’x 737, 739-40 (11th Cir.2015) (recognizing that in certain types of cases, an attempt to enforce a security interest could also amount to debt collection for purposes of the FDCPA).
The Eleventh Circuit cases indicate that a mortgage foreclosure suit may or may not amount to an attempt to collect á debt, and whether it does depends on the surrounding circumstances. Here, those circumstances point to debt collection. The mortgage foreclosure suit requested, among other relief, that the court retain jurisdiction for entry of a deficiency judgment. The complaint includes an attached exhibit—a notice letter—which provides that “Florida Default Law Group, P.L. is a debt collector. This Firm is attempting to collect a' debt_” The bank does not dispute that the loan secured by the real property is an “obligation ... of a consumer to pay money arising out of a transaction in which the money, property ... which aré the subject of the transaction are primarily for personal, family, or household purposes.” See § 559.55(1), Fla. Stat. (2012) (defining “debt” and “consumer debt”). Given that the bank brought the suit in order to obtain what it was owed, through sale of the property and, if necessary, a deficiency judgment, the suit is an action to collect a debt and thus falls within the requirements of section 559.715. See Freire v. Aldridge Connors, LLP, 994 F.Supp.2d 1284, 1288 (S.D.Fla.2014).
Having determined that section 559.715 applies to the mortgage foreclosure suit brought in this case, we next determine whether the notice requirement in the statute acts as a condition precedent to bringing suit. Recently, our sister court answered this question in the negative. See Brindise v. U.S. Bank Nat’l Ass’n, 183 So.3d 1215, 1221 (Fla. 2d DCA 2016), rev. denied, No. SC16-300, 2016 WL 1122325 (Fla. March 22, 2016). The Second District, however, certified the following question as one of great public importance: “Is *816 the provision of written notice of assignment under section 559.715 a condition precedent to the institution of a foreclosure lawsuit by the holder of the note?” Id.
In reaching its decision, the Second District observed that the Legislature knows how to condition the filing of a lawsuit on a prior occurrence, as evidenced by the statutes for libel and slander actions, medical malpractice suits, and condominium-related suits, which all require some prior act or condition before suit can be brought: “Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact.” Id. at 1219. The Second District also addressed the Brindises’ argument that they would have no remedy for the violation of the FCCPA if the notice requirement of section 559.715 was found not to operate as a condition precedent:
[T]he FCCPA imposes a sweeping scheme of administrative enforcement. See §§ 559.725, .726, .727, .730, .77, .78, .785. For example, a person who violates any provision of the FCCPA is subject to a cease and desist order. § 559.727. Further, persons registered or required to be registered under section 559.553 are subject to disciplinary action for failure to comply with any provision of the FCCPA. § 559.565.... The FCCPA prohibits egregious debt collection practices and provides legal remedies to protect consumers from harassing collection efforts. The Brindises have not demonstrated that the mere filing of a foreclosure suit, even one seeking money damages, implicates those concerns. Thus, where administrative enforcement mechanisms exist, making section 559.715 a condition precedent is not necessary to the primary purpose of the FCCPA.
Id. at 1220 (citation omitted).
In her dissent, Judge Khouzam opined that the plain language of section 559.715 does create a condition precedent to foreclosure. She disagreed with the majority’s finding that the language was not specific enough to constitute a condition precedent:
It is true that the legislature has, in other areas of the law, created more involved and specific conditions precedent. But that fact does not undermine the clear mandate found in section 559.715 that an assignee must give the debtor written notice of an assignment at least thirty days before taking any action to collect the debt.
Id. at 1223 (Khouzam, J., dissenting). Judge Khouzam also opined that the majority’s reliance on the purpose underlying the FCCPA was misplaced in light of the clear and unambiguous language of the statute. Id.
After Brindise, was issued, the First District issued a per curiam affirmance, citing to Brindise. See McCall v. HSBC Bank USA, N.A., 186 So.3d 1134 (Fla. 1st DCA 2016). However, the issue of whether the required notice acts as a condition precedent to bringing suit has not been addressed by our other sister courts.[2]
The starting point for analysis of this issue rests’ on the principles of statutory interpretation:
*817 It is a fundamental principle of statutory-interpretation that legislative intent is the “polestar” that guides this. Court’s interpretation. We endeavor to construe statutes to effectuate the intent of the Legislature. To discern legislative intent, we look “primarily” to the actual language used in the statute. Further, “[w]hen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.”
Borden v. E.-European Ins. Co., 921 So.2d 587, 595 (Fla.2006) (alteration in original) (citations omitted) (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005)). Here, the plain language of the statute provides that the right to bill and collect a debt may be assigned, but a creditor’s assignee must provide the debtor with notice of the assignment. The statute further specifies a timeframe for giving the required notice: “[A]s soon as practical after the assignment is made, but at least 30 days before any action to collect the debt.” § 559.715, Fla. Stat. (2012). The plain language does not impose a bar on filing suit if notice is not provided consistent with the statute and that makes this case distinguishable from the opinions relied on by the borrower, which all involve unambiguous statutory language providing a bar to suit if a specified act was not satisfied. See Hallstrom v. Tillamook Cty., 493 U.S. 20, 25-26, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989) (conservation statute provided that “[n]o action may be commenced under paragraph (a)(1) of this section” prior to giving notice of a violation of the statute in a specified timeframe); City of Coconut Creek v. City of Deerfield Beach, 840 So.2d 389, 391 (Fla. 4th DCA 2003) (land planning statute provided that “[a]s a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based.... The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken”); Neate v. Cypress Club Condo., Inc., 718 So.2d 390, 391 (Fla. 4th DCA 1998) (statute related to arbitration of disputes between condominium associations and unit owners provided that “[pjrior to the institution of court litigation, a party to a dispute shall ... petition the division for nonbinding arbitration” (alteration in original) (emphasis omitted)).
Even if it could be said that the statute is susceptible to more than one reasonable interpretation, (one of them being that the statute acts as a condition precedent to suit), the rules of statutory construction would lead to the same result. “[W]here reasonable differences arise as to the meaning or application of a statute, rules of statutory construction control.” Childers v. Cape Canaveral Hosp., Inc., 898 So.2d 973, 975 (Fla. 5th DCA 2005).
These rules permit us to examine the legislative history of the statute.[3] Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 367 (Fla.2013). The legislative history of section 559.715 does not reflect any intent by the Legislature that the notice provision of section 559.715 should operate as a condition precedent to filing a mortgage foreclosure suit. Instead, and as recognized by the Second District in Brindise, “the purpose and intent of the FCCPA ‘is to eliminate abusive and harassing tactics in the collection of *818 debts.’” Brindise, 183 So.3d at 1220 (quoting Summerlin Asset Mgmt. v Tr. v. Jackson, No. 9:14-CV-81302, 2015 WL 4065372 (S.D.Fla. July 2, 2015). To that end, chapter 559 provides “a sweeping scheme of administrative enforcement.” Id. Additionally, the legislative history of section 559.715 reflects that the “legislature intended the statute to streamline the collection of consumer debts.” Id. at 1217 (citing Fla. S. Comm, on Judiciary, CS for CS for SB 196 (1989) Staff Analysis 1 (Apr. 25, 1989)), That is, “[b]y allowing the assignment of- the right - to bill and collect, the statute ‘permits the consolidation of all claims by various creditors against a particular debtor.’ ” Id. (quoting Fla. H.R. Comm, on Com., HB 1566 (1989) Staff Analysis 1 (June 22,1989)).
Additionally, the context of the notice of assignment provision does not indicate any intent to treat the provision as a condition precedent to filing a mortgage foreclosure suit. “ ‘[I]f from a view of the whole law, or from other laws in pari materia the evident intent is different from the literal import of the terms employed to express it in a particular part of the law, that intent should prevail, for that, in fact is the will of the Legislature.” Forsythe v. Longboat Key Beach Erosion Control Disk, 604 So.2d 452-, 454 (Fla.1992) (citation, omitted) (quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 695 (1918)).
Here, the Legislature has created a statutory scheme governing mortgage foreclosure suits. See Ch. 702, Fla. Stat. (2012). The statutes comprising chapter 702 do not provide, as a condition precedent to filing suit, that creditors’ assignees must give debtors notice of the assignment. Further, section 559.715 is contained in a chapter that provides fob sanctions for noncompliance with the chapter’s provisions. Two statutes not applicable here provide for administrative and civil remedies for violations of section 559.72.- See §§ 559.730, .77, Fla. Stat. (2012). Another statute provides for criminal penalties for engaging in collections without first registering with the state. See § 559.785, Fla. Stat. (2012). Other statutes provide for sanctions for violations of- any part of the chapter. See § 559.727, Fla. Stat. (2012) (providing for cease and desist orders and corrective action for violations of any provision of the chapter); § 559.78, Fla. Stat. (2012) (providing for judicial enforcement by injunction to restrain violations of any provision of the chapter). A bar to filing suit is not provided for as a sanction.
The borrower argues that the sanctions which apply to violations of section 559.715 are weak, and thus, in order to give section 559.715 any effect, we must read it as providing for a condition precedent to fil-ingsuit. We are compelled to reject the argument by concluding that the Legislature has determined those sanctions that are appropriate for various violations. It is not our role to modify that scheme.
In sum, we hold that under the facts of this case, the notice requirement of section 659.715 applies to the mortgage foreclosure suit brought by the bank. However, the notice requirement of the statute does not operate as a condition precedent to bringing a mortgage foreclosure suit. We reverse and remand for the trial court to reinstate the final judgment of foreclosure.

Reversed and remanded for reinstatement of final judgment.

LEVINE and FORST, JJ., concur.

. This definition now appears in section 559.55(6), Florida Statutes (2016).

. The Second District has more recently held that section 559.715 does not apply where the holder of the note, rather than the assignee of the right to bill and collect a consumer debt, brings the foreclosure suit, See Deutsche Bank Nat'l Tr. Co. v. Hagstrom, — So.3d —, —, 41 Fla. L. Weekly D1671, 1673 (Fla. 2d DCA My 20, 2016); Bank of N.Y. Mellon v. Welker, 194 So.3d 1078, 1080 (Fla. 2d DCA 2016). The bank touched on this issue in its brief, but in light of our holding, we need not address it.

. Our holding does not turn on legislative history. Rather, we include the discussion of legislative history to underscore that under any analysis, the notice of assignment does not constitute a condition precedent to filing a foreclosure action.