IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-1,

      Appellant,

v.                                   Case No.  5D16-156

CHARLES LIPARI,

      Appellee.

_____/

Opinion filed August 4, 2017

Appeal from the Circuit Court
for Brevard County,
David Dugan, Judge.

Melanie S. Weseman, of Pollack &
Rosen, P.A., Coral Gables, and Dayle
M. Van Hoose, of Sessions, Fishman,
Nathan & Israel, LLC, Tampa, for
Appellant.

Jordan T. Isringhaus, Ian R. Leavengood
and G. Tyler Bannon, of Leavenlaw, St.
Petersburg, for Appellee.

ON MOTION FOR REHEARING AND CLARIFICATION

PER CURIAM.

      Upon consideration of Appellee's motion for rehearing and clarification, our opinion

of May 19, 2017, is withdrawn and the following substituted therefor.  The motion for

rehearing is denied, and the concurrent motion for clarification is granted in part.

The National Collegiate Student Loan Trust 2007-1 ("NCT") appeals a final summary judgment entered in favor of Charles Lipari in an action to collect on a note. Appellee's son, Nicholas Lipari, entered into a student loan agreement with JPMorgan Chase Bank, N.A. The loan obligation was co-signed by Appellee. Nicholas Lipari failed to make payment, and the loan went into default. NCT then filed an action to collect against both Appellee and his son. Appellee contends that NCT failed to provide notice of an assignment of the debt to him as required by the Florida Consumer Collection Practices Act ("FCCPA"), section 559.715, Florida Statutes (2007), prior to filing suit. Appellee further contends that notice of the assignment is a condition precedent to the filing of a collection lawsuit under Florida law. The trial court agreed and entered judgment in favor of Appellee. We disagree and reverse.

The FCCPA permits a creditor to assign the "right to bill and collect a consumer debt." § 559.715, Fla. Stat. (2007). In so doing, such an assignee is required to give written notice to the debtor within thirty days after assignment. According to its plain language, the notice requirement contained in section 559.715 does not apply to an assignee that takes all rights to the consumer debt. *Deutsche Bank Nat'l Tr. Co. v. Hagstrom*, 203 So. 3d 918, 921 (Fla. 2d DCA 2016) ("[S]ection 559.715 applies only to assignees of the right to bill and collect a consumer debt not to assignees of the debt itself."). Instead, it applies only to an assignee of the right to "bill and collect." In the instant case, the entire note originally made by JPMorgan Bank, N.A. was assigned to NCT. No rights were retained by the assignor. Therefore, section 559.715 does not apply.

Moreover, even if NCT were an assignee as contemplated by the FCCPA, notice of assignment is not a condition precedent to filing suit. Rather, section 559.715, Florida Statutes (2007), merely requires notice "within 30 days after the assignment." The Legislature knows how to create a condition precedent when it so desires, and it did not do so here. While failure to properly provide a notice may violate the FCCPA in certain circumstances, there is simply no language in the statute to suggest that such a notice is a condition precedent to suit. *Accord Bank of Am., N.A. v. Siefker*, 201 So. 3d 811 (Fla. 4th DCA 2016) (interpreting the post-2010 version of section 559.715); *Brindise v. U.S. Bank Nat'l Ass'n,* 183 So. 3d 1215 (Fla. 2d DCA 2016) (interpreting the post-2010 version of section 559.715).[1] In short, it is not for the court to rewrite the statute, and we decline Appellee's invitation to do so.

Accordingly, we reverse the summary judgment entered in favor of Appellee and remand the matter to the trial court.

REVERSED and REMANDED.

EVANDER, BERGER, and EISNAUGLE JJ., concur.

---

[1] We note that *Siefker* and *Brindise* were decided after the Legislature amended section 559.715 in 2010 to provide:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.