[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10456
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00232-PAM-MRM

NIDIA MERRILL,

Plaintiff-Appellant,

versus

DYCK-O'NEAL, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 13, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Nidia Merrill appeals from the district court's order of summary judgment in favor of Dyck-O'Neal, Inc. on Merrill's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collections Protection Act (FCCPA), Fla. Stat. § 559.55, *et seq.*  Specifically, Merrill argues that Dyck-O'Neal is liable (1) under both the FDCPA and the FCCPA for failing to comply with Fla. Stat. § 559.715, and (2) separately, under the FDCPA for misrepresenting the timeframe in which it would pursue collection action on Merrill's debt.  We **AFFIRM** the district court's order granting summary judgment in favor of Dyck-O'Neal.

**I**

This case arises from Merrill's default on a mortgage debt owed to Chase Home Finance, LLC.  Chase filed an action to foreclose the mortgage, a final judgment of foreclosure was entered in Chase's favor, and the home was sold at a foreclosure sale.  The foreclosure sale resulted in a deficiency balance that Dyck-O'Neal ultimately purchased from Chase.

On May 22, 2014, Dyck-O'Neal sent Merrill a letter informing her that it had been assigned the debt.  The letter stated that the notice was not an attempt to collect a debt but was being sent in compliance with Fla. Stat. § 559.715.  The letter stated that "[n]o collection efforts will occur on this account for at least 30 days from the date of this notice."

2

On June 18, 2014, only 26 days later, Dyck-O'Neal authorized and directed its counsel, the Law Offices of Daniel C. Consuegra, P.A., to send Merrill a second letter which in relevant part stated as follows: "THIS NOTICE IS A COMMUNICATION FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

Having received the second letter less than 30 days after the first, Merrill filed this action, asserting that the collection conduct made her fearful and caused her to seek bankruptcy protection.  In her complaint, Merrill alleged violation of the FDCPA (Count I[1]) and the FCCPA (Count II).  The district court granted summary judgment for Dyck-O'Neal.  The district court dismissed Count II, holding that "there is no private right of action under the FCCPA."  The district court also held that Count I failed because the FDCPA claim "hinge[d] on whether Florida Statute § 559.715 creates a condition precedent to collecting a debt," which the district court held it did not.

Merrill timely appealed.  We review the district court's grant of summary judgment *de novo*.  *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257 (11th Cir. 2014).

---

[1] The parties agree that Count I of Merrill's complaint alleges a violation of the FDCPA for failure to comply with Fla. Stat. § 559.715.  However, the parties disagree over whether Count I of the complaint also alleges that Dyck-O'Neal violated the FDCPA by misrepresenting in the May 22 letter that no collection efforts would occur for at least 30 days in light of the fact that the June 18 letter attempted collection only 26 days later.  *See infra* at 2.

3

## II

This appeal presents three issues for our consideration: (1) whether compliance with the 30-day timeframe in Fla. Stat. §559.715 is a condition precedent to collection of a debt such that Dyck-O'Neal's failure to comply gives rise to liability under the FDCPA; (2) whether Dyck-O'Neal's failure to comply with the 30-day timeframe outlined in Fla. Stat. § 559.715 provides Merrill with a private right of action under the FCCPA; and (3) whether Dyck-O'Neal's two letters, taken together, amount to a misrepresentation that gives rise to liability under the FDCPA.  We address each issue in turn.

## A

Merrill's FDCPA claim premised on violation of the 30-day timeframe in Fla. Stat. § 559.715 hinges on an argument that § 559.715 creates a condition precedent to the collection of a debt.  The district court held that § 559.715 does not create a condition precedent.  We agree.

Section 559.715 states that an "assignee [of consumer debt] must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."  Although § 559.715 uses mandatory language, reviewing courts have held that the statute does not create a condition precedent to debt collection.

4

The issue of whether Fla. Stat. § 559.715 creates a condition precedent to collecting a debt in the mortgage-foreclosure context was addressed and decided in two Florida Courts of Appeals in 2016. *See Brindise v. U.S. Bank Nat'l Ass'n*, 183 So.3d 1215 (Fla. 2d DCA 2016); *Bank of Am.*, *N.A. v. Siefker*, 201 So.3d 811 (Fla. 4th DCA 2016). "In both cases, the Florida courts held that § 559.715's notice requirement is not a condition precedent to a mortgage foreclosure." *Wright v. Dyck-O'Neal, Inc.*, 237 F. Supp. 3d 1218, 1221 (M.D. Fla. 2017). The *Brindise* and *Siefker* courts followed the same rationale, reasoning that the Florida Legislature had explicitly conditioned the filing of *other* kinds of lawsuits on a prior occurrence—*e.g*., in the contexts of statutes for libel and slander actions, medical malpractice suits, and condominium-related suits—but had not similarly created a condition precedent in § 559.715. *Brindise*, 183 So.3d at 1219; *Siefker*, 201 So.3d at 816. Both *Brindise* and *Siefker* held that "[b]ecause the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact." *Siefker*, 201 So.3d at 816 (quoting *Brindise*, 183 So.3d at 1219).

The *Brindise* and *Siefker* decisions have been followed by other courts considering the question whether § 559.715 creates a condition precedent to the collection of debt—not only in the judicial foreclosure context, but also (as relevant here) in the non-foreclosure litigation context and the non-judicial debt

5

collection context.  *See Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1342 (S.D. Fla. 2017) (non-judicial debt collection); *Wright v. Dyck-O'Neal, Inc.*, 237 F. Supp. 3d 1218, 1222 (M.D. Fla. 2017) (non-judicial debt collection); *Peters v. Bank of New York Mellon*, 227 So. 3d 175, 178 (Fla. 2d DCA 2017) (foreclosure); *McCall v. HSBC Bank USA, N.A.*, 186 So. 3d 1134 (Fla. 1st DCA 2016) (foreclosure); *Trautman v. Dyck O'Neal, Inc.*, 191 So. 3d 470 (Fla. 2d DCA 2016) (non-foreclosure litigation); *Nat'l Collegiate Student Loan Tr. 2007-1 v. Lipari*, 224 So. 3d 309, 311 (Fla. 5th DCA 2017) (non-foreclosure litigation). The issue has not yet been addressed by the Florida Supreme Court, which declined to review the Second DCA's decision in *Brindise* despite the appellate court's certification of the condition-precedent question.  *Brindise v. U.S. Bank Nat'l Association*, SC 16-300, 2016 WL 1122325 (Fla. 2016).

Because this is an issue of state law, the decisions of the Florida district courts of appeal are binding:

> [T]he rule is that, absent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.  That rule is, if anything, particularly appropriate in Florida, where the state's highest court has held that the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by the Florida Supreme Court.

*McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002) (internal citations omitted) (internal quotations omitted).  Here, there is no "persuasive indication" that the Florida Supreme Court would reject the decisions of the Florida District Courts of Appeals in the *Brindise* line of cases.  In the absence of that "persuasive indication," *Brindise* and its progeny are the "law of Florida" and are binding on this Court.  *Id*.  Following those decisions—and the others that have applied them in other contexts—we conclude that § 559.715 does not create a condition precedent to debt collection, and therefore that Merrill's FDCPA claim, which is predicated on Dyck-O'Neal's noncompliance with § 559.715, must fail.

## B

Merrill next argues that the district court erred in holding that Dyck-O'Neal's violation of the 30-day waiting period set forth in § 559.715 does not provide her with a private right of action against Dyck-O'Neal under the FCCPA. We disagree.

"[T]here is no private cause of action under the FCCPA for failure to serve a notice of assignment" under Fla. Stat. § 559.715.  *Wright v. Dyck-O'Neal*, 237 F. Supp. 3d 1218, 1220-21 (M.D. Fla. 2017) (internal quotations removed) (quoting *Schmidt v. Synergetic Commc'ns*, *Inc.*, 2015 WL 248635 at *3 (M.D. Fla. Jan 20, 2015); *see also Trent v. Mortg. Elec. Registration Sys., Inc.,* 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007), *aff'd* 288 Fed.Appx. 571 (11th Cir. 2008).  Recognizing as

much, Merrill relies on § 559.715, § 559.72(9), and § 559.77, *taken together*, to argue that Dyck-O'Neal's violation of the 30-day waiting period in § 559.715 gives rise to a private right of action.  Section 559.77 provides a private right of action for violation of the provisions of § 559.72.  Merrill contends that violation of the waiting period set forth in § 559.715 constitutes a violation of § 559.72(9), which states that no person shall "[c]laim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

Although violation of § 559.72(9) does afford a debtor a private right of action, violation of the 30-day waiting period set forth in § 559.715 does not constitute a violation of § 559.72(9).  Because (as already explained) compliance with § 559.715 is not a condition precedent to collection of a debt, failure to comply with § 559.715's 30-day waiting period did not somehow de-"legitim[ize]" the debt that Merrill owed to Dyck-O'Neal and thus did not foreclose Dyck-O'Neal's right to collect it.

In this case, there was a violation of § 559.715 but not a violation of § 559.72(9).  The violation of § 559.715 alone does provide Merrill a private right of action against Dyck-O'Neal.  *See Wright,* 237 F. Supp. 3d 1218, 1220-21.

**C**

8

Finally, Merrill contends that Dyck-O'Neal violated the FDCPA's prohibition against false or misleading representations through its statement in the May 22 letter that no action to collect her debt would be made for at least 30 days. 15 U.S.C. § 1692e.  In particular, Merrill asserts that the representation that Dyck-O'Neal would wait 30 days before taking action to collect Merrill's debt was transformed into a *mis*representation, in violation of the FDCPA, by the debt-collection letter that Dyck-O'Neal's lawyer sent on June 18, less than 30 days later. Because Merrill did not properly raise this argument before the district court she cannot raise it on appeal.

Merrill first made the argument she makes now in her summary judgment motion.  (Doc. 51 at 14).  But as we have held, a party is not afforded "an opportunity to raise new claims at the summary judgment stage." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004).  Merrill says that she presented the argument in paragraph ¶ 24 of her complaint.  Paragraph 24 reads: "Defendants violated the FDCPA's prohibition against false or misleading representations (15 U.S.C. § 1692e) by seeking to collect the alleged debt prior to complying with § 559.715, Fla. Stat. or the expiration of the time period thereunder, by CONSUEGRA LAW sending a dunning letter attempting to collect a debt."  Conspicuously absent from that paragraph of the complaint, though, is *any* reference to the May 22 letter that Merrill now argues is the basis of her

9

FDCPA claim.  Merrill failed to allege in her complaint that the May 22 letter contained a misrepresentation in violation of the FDCPA, and she could not present that argument for the first time in her summary judgment motion.  *See Gilmour*, 382 F.3d at 1314.

Because Merrill failed to raise the May-22-letter-as-misrepresentation argument in her complaint, the district court did not err in rejecting it.

\* \* \*

For the reasons explained above, we conclude that the district court did not err in denying Merrill's motion for summary judgment and in granting summary judgment in favor of Dyck-O'Neal.

**AFFIRMED.**

10