# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

No. 1D16-1624

—————————————————

DYCK-O'NEAL, INC.,

    Appellant,

    v.

HEATHER LANHAM,

    Appellee.

—————————————————

On appeal from the Circuit Court for Gadsden County.
Martin A. Fitzpatrick, Judge.

February 18, 2019

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

This case arises from the foreclosure of Heather Lanham's residential property in Gadsden County, Florida. After acquiring the rights arising from the foreclosure judgment, Dyck-O'Neal, Inc., filed suit against Lanham to recover the deficiency balance due under the assigned obligation. Lanham moved for summary judgment, arguing that Dyck-O'Neal failed to provide timely notice of the assignment under section 559.715, Florida Statutes, and that such notice was a condition precedent to bringing the deficiency action. The trial court agreed, and this appeal followed.

We initially quashed the trial court's order for lack of subject matter jurisdiction over the deficiency action based on then-

controlling caselaw. *Dyck-O'Neal, Inc. v. Lanham*, 214 So. 3d 802, 802 (Fla. 1st DCA 2017). On review, the Florida Supreme Court disagreed with this Court's precedent and held "that section 702.06, Florida Statutes (2014), permits an independent action at law for a deficiency judgment when the foreclosure court has expressly reserved jurisdiction to handle a deficiency claim but has not actually decided the merits of the claim." *Dyck-O'Neal, Inc. v. Lanham*, 257 So. 3d 1, 3 (Fla. 2018). The supreme court quashed our decision and remanded for further proceedings.

The issue now before this Court is whether the trial court erred when it granted final summary judgment for Lanham. Dyck-O'Neal argued below as it does on appeal that the notice-of-assignment requirement in section 559.715 does not act as a condition precedent to bringing a deficiency action.* We agree.

Section 559.715 is part of the Florida Consumer Collection Practices Act. §§ 559.55-559.785, Fla. Stat. It provides that an "assignee [of consumer debt] must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." § 559.715, Fla. Stat.

In *Brindise v. U.S. Bank National Association*, mortgage debtors appealed a foreclosure judgment due to the judgment creditor's failure to provide them with written notice of the assignment of their mortgage prior to filing suit. 183 So. 3d 1215, 1217 (Fla. 2d DCA 2016), *rev. denied*, SC 16-300, 2016 WL 1122325 (Fla. 2016). The Second District affirmed the final judgment, holding that "the notice described in section 559.715 is not a condition precedent to foreclosure." *Id.* at 1216. The court reasoned, in part, that "[s]ection 559.715 has no language making written notice of assignment a condition precedent to suit." *Id.* at 1219. The court observed that

---

* We decline to address Dyck-O'Neal's argument, raised for the first time on appeal, that a deficiency action is not an action to collect a consumer debt under section 559.715. For purposes of this opinion, we assume arguendo that Dyck-O'Neal is an "assignee" under section 559.715.

2

> [t]he Legislature, of course, knows how to condition the filing of a lawsuit on a prior occurrence. It has done so, for example, for libel and slander actions. §§ 770.01-.02, Fla. Stat. (2014). Before a victim of alleged medical malpractice can file a negligence suit, the victim must engage in a rigorous presuit investigation and discovery process. §§ 766.203-.206, Fla. Stat. (2014). In the condominium context, the Legislature has mandated that the parties engage in an alternative dispute resolution process before seeking trial court relief. § 718.1255(4), Fla. Stat. (2014). The Legislature knows how to create a condition precedent. Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact.

*Id.* Following the same rationale, the Fourth District also rejected a debtor's attempt to use the notice-of-assignment requirement in section 559.715 to defeat a mortgage foreclosure action. *Bank of Am., N.A. v. Siefker*, 201 So. 3d 811, 817 (Fla. 4th DCA 2016) ("The plain language [of section 559.715] does not impose a bar on filing suit if notice is not provided consistent with the statute and that makes this case distinguishable from the opinions relied on by the borrower, which all involve unambiguous statutory language providing a bar to suit if a specified act was not satisfied.").

This Court has since cited *Brindise* with approval in *Nationstar Mortgage, LLC v. Summers*, 198 So. 3d 1162 (Fla. 1st DCA 2016) (reversing final summary judgment in favor of borrowers on authority of *Brindise*), and *McCall v. HSBC Bank USA, N.A.*, 186 So. 3d 1134 (Fla. 1st DCA 2016) (affirming judgment for lender on authority of *Brindise*). Lanham argues these cases are distinguishable because they involved mortgage foreclosure cases—not actions to collect deficiencies—and do not include any discussion or analysis. However, we see no reason why the rationale adopted by this Court in the mortgage foreclosure context should not apply to an action for a deficiency decree based on a foreclosure judgment. Specifically, section 559.715 contains no language indicating compliance with the notice requirement is a condition precedent to debt collection. *See Brindise*, 183 So. 3d at 1219 ("Focusing solely on whether the foreclosure suit is an effort

to collect a consumer debt, the parties urge us to become ensnared unnecessarily in a briar patch. We need not fight their fight. Even if a foreclosure suit is an effort to collect a consumer debt, several reasons compel us to conclude that the trial court did not err."); *see also Wright v. Dyck-O'Neal, Inc.*, 237 F. Supp. 3d 1218, 1221 (M.D. Fla. 2017) (concluding "it is irrelevant that this action stems from a deficiency judgment rather than a mortgage foreclosure" as "§ 559.715 does not create a condition precedent because the Florida Legislature did not draft it that way"); *cf. Merrill v. Dyck-O'Neal, Inc.,* 745 F. App'x. 844, 847 (11th Cir. 2018) (concluding there is no "persuasive indication" that the Florida Supreme Court would reject the *Brindise* line of cases and holding that section 559.715 does not create a condition precedent to debt collection); *Nat'l Collegiate Student Tr. 2007-1 v. Lipari*, 224 So. 3d 309, 311 (Fla. 5th DCA 2017) (holding that section 559.715 does not create a condition precedent to collection of student loan debt and noting that "[t]he Legislature knows how to create a condition precedent when it so desires").

We therefore reverse the order granting final summary judgment and remand for further proceedings.

WOLF, RAY, and MAKAR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Susan B. Morrison of the Law Offices of Susan B. Morrison, Tampa, for Appellant.

Rick A. Savage of Savage Law Office, Tallahassee, for Appellee.